[Crim. No. 11323. Fourth Dist., Div. One. May 9, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS JOHN BUTLER, Defendant and Appellant.

COUNSEL

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Handy Horiye for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield, Michael D. Wellington and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**THE COURT.***—Thomas John Butler appeals an order denying his petition for expungement of his conviction after he completed his period of probation (Pen. Code, § 1203.4).[1] He contends the judge was required to grant his petition, abused his discretion in denying it, and erred in failing to give reasons for the denial.

Section 1203.4 allows any convicted felon or misdemeanant who has been granted probation to petition to have his record expunged, after the period of probation has terminated. If the relief is granted, the probationer is relieved from some of the disabilities and penalties associated with being convicted.

With exceptions not applicable here, petitioner is entitled to relief if he comes within any one of three fact situations: (a) he has fulfilled the conditions of his probation for the entire period; (b) he has been discharged before the termination of the period of probation; or (c) in any case in which a court, in its discretion and the interests of justice, determines he should be granted relief (§ 1203.4, subd. (a)). If the petitioner comes within either of the first two fact situations, the court is required to grant the requested relief (*People* v. *Johnson* (1955) 134 Cal.App.2d 140, 144 [285 P.2d 74]). A grant of relief in the third situation is clearly discretionary.

Butler does not contend he fulfilled all the conditions of his probation. One of the conditions required him to pay $2,500 in restitution to the victim of his grand theft within four years. Within that four-year period he paid only $530.

Rather, he contends he is entitled to relief for having been discharged from his probation early. Near the end of Butler's original five-year period of probation, the court modified his probation by extending it for another six months to April 24, 1979, and added a new condition: Butler was to be medically examined to confirm he had become totally disabled in an automobile accident. The judge received the medical reports confirming Butler was totally disabled, and terminated probation on January 15, 1979, more than three months before the end of the extended period.

---

*Before Brown (Gerald), P. J., Cologne, J., and Staniforth, J.
[1]All sections references are to the Penal Code unless otherwise specified.

Butler did not raise this issue below and the People contend he is precluded from receiving the benefits of the section now. ■ While it is true failure to raise an issue in the court below generally precludes an appellant from raising it for the first time on appeal (*People* v. *Sahagun* (1979) 89 Cal.App.3d 1, 26 [152 Cal.Rptr. 233]), if the new theory presents only a question of law arising from facts which are undisputed, we may consider the issue (*People* v. *Mills* (1978) 81 Cal.App.3d 171, 175 [146 Cal.Rptr. 411]). Here the question is the legal effect of the termination of Butler's probationary period. Since a decision in Butler's favor would mandate the granting of the relief he seeks, we consider it appropriate to address the issue.

■ The People contend the original term of probation would have expired in October 1978 and would not have been terminated early because Butler had failed to comply with his terms of restitution. Since the period was extended because he was in violation of probation, they argue, Butler should not receive the benefit of early discharge from an extension necessitated by his own failure to comply with his probation conditions. We note that while the probation report says the judge found Butler had violated his probation, probation was not revoked but was modified to allow medical examination of Butler's condition. The record does not show whether this extension was for a punitive purpose or only to gain evidence to show whether Butler should be relieved from his previous conditions.

Nevertheless, we do not believe it matters why the period was extended, or that the original period would not have been terminated early; that termination date no longer exists. The crucial question is why was the probation terminated early.

The People contend the obvious purpose behind section 1203.4 is to reward those who have been rehabilitated (see *People* v. *Majado* (1937) 22 Cal.App.2d 323, 325 [70 P.2d 1015]). ■ More accurately, though, the section rewards those who comply with their terms of probation or are relieved from complying. No evidence of rehabilitation is required to be entitled to relief. Likewise, evidence of crimes committed shortly after probation ends, which would seem to conclusively prove no rehabilitation had taken place, have no effect on the granting of the relief (see *People* v. *Bradley* (1967) 248 Cal.App.2d 887, 889 [57 Cal. Rptr. 82]; *People* v. *Johnson, supra,* 134 Cal.App.2d 140, 143-144).

The authority for early termination of probation is found in section 1203.3. It allows a court to terminate probation at any time "when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it...." The order terminating probation states "good cause exists to terminate probation." The judge believed Butler should be relieved from the restrictions of his probation. This decision is final. The People cannot now, in effect, collaterally attack the propriety of the judge's decision to terminate early. Once probation is terminated early, a later judge who is requested to grant relief under section 1203.4 is without discretion to deny relief. The relief requested should have been granted in this case. We need not consider Butler's other contentions.

Butler's notice of appeal purports to also appeal the court's order denying his request his felony conviction be reduced to a misdemeanor. Since Butler's brief does not address the propriety of this decision, we consider the appeal abandoned.

The order of the Superior Court of San Diego in case CR 30085 dated April 3, 1979, is vacated and the superior court is directed to enter a new order granting the requested relief. The order denying appellant's request to reduce his conviction to a misdemeanor is affirmed.

A petition for a rehearing was denied May 23, 1980, and respondent's petition for a hearing by the Supreme Court was denied July 2, 1980. Clark, J., and Richardson, J., were of the opinion that the petition should be granted.