[No. B209952. Second Dist., Div. Four. May 29, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
MYRLE DENNIS McLERNON, Defendant and Appellant.

## COUNSEL

Law Offices of Mathew K. Higbee, Melissa A. Clark and Mathew K. Higbee for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Paul M. Roadarmel, Jr., and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WILLHITE, J.**—Under Penal Code section 1203.4 (section 1203.4), a defendant who has been convicted of a crime and granted probation is entitled to have his record expunged after the period of probation has terminated "if he comes within any one of three fact situations: (a) he has fulfilled the conditions of his probation for the entire period; (b) he has been discharged before the termination of the period of probation; or (c) in any

case in which a court, in its discretion and the interests of justice, determines he should be granted relief . . . ." (*People v. Butler* (1980) 105 Cal.App.3d 585, 587 [164 Cal.Rptr. 475], citation omitted.) In this case, defendant Myrle Dennis McLernon moved under section 1203.4 to expunge his conviction for possession of a controlled substance for sale. Because he had violated his probation, his motion sought relief under the third situation and was supported by evidence of his conduct since his probation ended. The trial court "rejected" the motion because McLernon previously had submitted different petitions for relief that were denied for failure to successfully complete probation. McLernon appeals, arguing the trial court abused its discretion by denying relief in light of the evidence of postprobation conduct he presented. The Attorney General contends there was no abuse of discretion because, inter alia, when determining whether the interests of justice warrant relief under section 1203.4, the court may consider a defendant's conduct only during the period of probation. We hold that consideration of postprobation conduct is not precluded under the statute. Because it appears that the trial court did not consider the merits of McLernon's motion, we reverse the order and remand the matter to the trial court to determine whether, in the exercise of its discretion and the interests of justice, McLernon is entitled to relief under section 1203.4.

## BACKGROUND

Sometime before 1995, McLernon was convicted of felony possession of a controlled substance for sale, a violation of Health and Safety Code section 11378, and was placed on probation.[1] As a term of probation, McLernon was ordered to submit to drug testing. He violated his probation in 1995 when he tested positive in one of his drug tests. Since that violation, he has been clean and sober. He paid all fines and court costs ordered by the court.

In 2001, McLernon filed a motion under section 1203.4 to dismiss his conviction. That motion was denied by Judge Pamela R. Rogers on March 6, 2001. The record on appeal does not include McLernon's motion; it includes only the minute order denying the motion. The minute order notes that McLernon was not present at the hearing on the motion and was not represented by counsel, and does not state the reason for the denial.

---

[1] Although McLernon states in his appellant's opening brief that he pleaded guilty to the charge in 1991, there is no evidence in the record to establish the date of the conviction or that it was the result of a guilty plea.

In 2007, McLernon filed a Judicial Council form petition for expungement under section 1203.4. The caption on the form petition lists an attorney for McLernon (Marc K. Herbert), and was signed by McLernon on January 26, 2007. There is no proof of service attached,[2] but the petition is file-stamped June 5, 2007. The petition states only that McLernon was convicted of a violation of Health and Safety Code section 11378 (it omits the date of conviction), that the offense was a felony, and that probation was granted. It appears to attach a completed statement of assets that is not signed or dated, and a document listing McLernon's background and experience. The trial court (Judge Thomas R. White presiding) denied the petition on the same date the petition was file-stamped (June 5, 2007). The minute order states: "Defendant is not present in court, and not represented by counsel. [¶] Defendant's petition for expungement is denied. [¶] Petition was previously submitted and denied on March 6, 2001 due to unsatisfactory performance on probation."

Sometime later, McLernon, represented by Attorney Mathew K. Higbee, filed a motion to withdraw his guilty plea and dismiss the conviction in the interests of justice under section 1203.4.[3] Unlike his previous form petition for expungement, this motion was expressly made on the ground that it was in the interests of justice to grant the requested relief, and it attached McLernon's declaration in support of his motion. The declaration states that the conviction at issue is McLernon's only conviction, that he is not currently facing any charges or serving any sentence, and that he paid all fines and court costs ordered by the court. McLernon also states that he tested positive for drugs in one of his court-ordered drug tests in 1995, violating his probation, but that he has completed a 90-day in-house treatment program and attended Narcotics Anonymous, and has been clean and sober since that violation. Finally, he describes his personal and professional life (he is an architect, is married and has four children) and his involvement in the community since his probation ended, and explains that he wants to have his

---

[2] There is a proof of service in the record immediately following the petition and its attachments, but that proof of service is dated October 17, 2007, is signed by a different attorney (the attorney who represented McLernon on his subsequent motion, which is the motion at issue in the present appeal), and refers to a "Motion to dismiss pursuant to Penal Code section 1203.4" (similar to the title of the motion at issue in this appeal) rather than a petition for expungement.

[3] The motion is not file-stamped, but is dated October 11, 2007. There are several proofs of service in the appellate record that appear to relate to this motion: one dated October 17, 2007 (see fn. 2, *ante*), and two dated February 26, 2008.

conviction expunged so he can participate in professional organizations, serve in certain elected positions, and be approved as a registered permanent volunteer at a high school.

On June 27, 2008, the trial court issued a minute order stating: "The petition for relief pursuant to Penal Code section 1203.4 is rejected having been submitted and denied on 3-06-01 and 6-05-07." This appeal followed.

## DISCUSSION

Section 1203.4 provides in relevant part: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty . . . and . . . the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted . . . ." (§ 1203.4, subd. (a).)

■ As the statutory language makes clear, there are three situations in which a defendant may be entitled to have his or her conviction dismissed. The first two—when the defendant fulfilled the conditions of probation for the entire probationary period or when the defendant was discharged before the termination of the period of probation—require the court to grant the requested relief if the conditions are met. The last requires the court to determine whether, in its discretion and the interests of justice, the relief should be granted.

In the motion at issue in the present appeal, McLernon sought relief based upon the third situation, i.e., the motion asked the court to find that relief should be granted in the interests of justice based upon his 12 years of sobriety and his community and professional activities, and his desire to participate in various activities that require his record to be expunged. He argues on appeal that the court did not consider his evidence or the interests

of justice, but instead denied the motion based upon the denials of his motion in 2001 and his petition in 2007, which denials were based upon his failure to fulfill the conditions of probation for the entire probationary period. In response, the Attorney General argues that McLernon has not demonstrated that the trial court based its decision solely on his poor performance on probation. The Attorney General also contends that McLernon is not entitled to relief in any event because evidence of a defendant's conduct after termination of the period of probation is not relevant to the "interests of justice" basis for relief under section 1203.4, and because the denial of McLernon's previous two requests for relief bars relitigation of the issue under the doctrine of res judicata. The Attorney General is incorrect.

First, the language of the minute order at issue makes clear that the trial court did not consider the merits of McLernon's motion. The court "rejected" the motion as "having been submitted and denied on 3-06-01 and 6-05-07." Moreover, the minute order denying the previous motion petition on June 5, 2007, indicates that the reason for that denial was the denial of the March 6, 2001 motion, which was denied "due to unsatisfactory performance on probation." Thus, it appears that the sole basis for denying any of McLernon's requests for relief under section 1203.4 was his unsatisfactory performance on probation.

Second, there is no basis in the language of section 1203.4 to support the Attorney General's assertion that entitlement to relief under the statute must be determined based only on a defendant's conduct during the probation period. The statute simply states that relief is available in the court's discretion in the interests of justice. Although the statutory language does not limit the kind of information the court may consider when determining whether the interests of justice warrant the court's discretionary relief, the Attorney General asserts that the legislative intent behind the statute imposes such a limit. He supports this assertion with passages from several appellate cases that note that a purpose of the statute is to secure compliance with probation conditions and that the statute rewards that compliance by granting relief. But the issue presented in each of those cases was whether the court was required to grant relief under one of the first two factual situations set forth in section 1203.4—when the defendant has complied with the conditions of probation or has been discharged before the termination of the period of probation. (See, e.g., *People v. Mgebrov* (2008) 166 Cal.App.4th 579 [82 Cal.Rptr.3d 778] [defendant successfully completed probation; issue is whether § 1203.4 relief is available with regard to two of his three convictions if statute precludes relief as to third conviction]; *People v. Arata* (2007)

151 Cal.App.4th 778 [60 Cal.Rptr.3d 160] [defendant successfully completed probation; issue is whether postconviction amendment of § 1203.4 to preclude relief for certain offenses applied to defendant]; *People v. Chandler* (1988) 203 Cal.App.3d 782 [250 Cal.Rptr. 730] [defendant failed to pay the full amount of restitution before the probation period ended, but argued that he complied with all conditions of probation]; *People v. Butler, supra*, 105 Cal.App.3d 585 [issue is whether defendant was discharged from probation before the probation period ended when the probation period had been extended and defendant was discharged before extended period ended]; *People v. Johnson* (1955) 134 Cal.App.2d 140 [285 P.2d 74] [decided before § 1203.4 was amended in 1971 to add discretionary relief].)[4] None of these cases involved the third situation (such as is presented in this case), i.e., discretionary relief in the interests of justice, and the courts had no occasion to discuss any purpose for the discretionary relief allowed under the statute.

In fact, both the plain language of the statute and the legislative history of the 1971 amendment to the statute (Stats. 1971, ch. 333, § 1, p. 667) show that the purpose of the amendment to add discretionary relief was to give trial courts the power to set aside a conviction after the termination of probation *whenever* the circumstances warranted it.[5] (§ 1203.4, subd. (a) [relief may be granted *"in any other case* in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available" (italics added)]; Assem. Com. on Crim. Justice, Bill Dig. of Sen. Bill No. 248 (1971 Reg. Sess.) June 22, 1971, furnished by Legislative Research Incorporated [proposed amendment expands statute "so that it applies to defendants who did not successfully complete their probation. In effect, it provides that any defendant can have a conviction set aside after the termination of probation whenever a court, in its discretion and the interests of justice, determines that such relief should be granted."].) Indeed, the amendment was requested by the attorney for a defendant who, after a probation violation,

---

[4] Although there is one other case the Attorney General relies upon for its assertion—*People v. Field* (1995) 31 Cal.App.4th 1778 [37 Cal.Rptr.2d 803]—that case did not present any issue regarding entitlement to relief under section 1203.4. Instead, that case involved whether the defendant could impeach a witness with an Oklahoma conviction that may have been expunged under Oklahoma law. The appellate court's opinion included a general discussion of expungement laws, including section 1203.4.

[5] In light of the clear and unambiguous language of the statute, we need not resort to the legislative history to determine the legislative intent. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299] ["If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . ."].) We discuss the legislative history only to note that it is consistent with the plain meaning of the statutory language.

completed his probation with no further violations, raised his child alone, and then went to college, worked without pay for the State Parole Board, and was trying to become a social worker. Although the trial court in his case expressed a desire to grant relief under section 1203.4, it concluded it could not do so because of the defendant's parole violation. The amendment to section 1203.4 was designed to give courts the ability to grant relief in these circumstances. (See Sen. Com. on Judiciary, Background Information on Sen. Bill No. 248 (1971 Reg. Sess.), furnished by Legislative Research Incorporated.) Thus, in determining whether to grant relief under the discretionary provision, the trial court may consider any relevant information, including the defendant's postprobation conduct.

Finally, the doctrine of res judicata does not bar McLernon's motion. "The doctrine of res judicata gives certain conclusive effect to a former judgment in subsequent litigation involving the same controversy." (7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 334, p. 938.) If the subsequent litigation involves the same cause of action, the prior judgment is a complete bar; if the subsequent litigation involves a new cause of action, the prior judgment is conclusive on issues actually litigated and decided in the prior litigation. (*Id.*, § 335, p. 940.) In the present case, it cannot be said that McLernon's previous motion or petition for relief under section 1203.4 involved the same cause of action or litigated the same issues raised in the motion at issue in this appeal. A request for relief under the interests of justice provision of section 1203.4 necessarily will be based upon the facts as they exist at the time of the request. Those facts may be very different at different times. For example, at the time McLernon brought his first motion in 2001, he had been drug free and crime free for only six years. By the time of the motion at issue in this appeal, he had been drug free and crime free for 12 years. He also had been active in his profession and the community for 12, rather than six, years since his probation violation. Those additional six years of sobriety and activity in the community could be decisive in determining whether it is in the interests of justice to grant relief. Thus, the denial of a prior request for relief under section 1203.4 does not preclude a subsequent request based upon different facts.

To conclude, we find that the trial court improperly failed to consider the merits of McLernon's motion for relief. We express no opinion regarding whether McLernon is entitled to relief, but instead remand the matter to the trial court to determine in the first instance whether, in light of the evidence presented, the interests of justice warrant relief.

## DISPOSITION

The order rejecting McLernon's motion is reversed and the matter is remanded with directions to the trial court to determine whether, in light of the evidence submitted, McLernon's motion should be granted in the interests of justice.

Epstein, P. J., and Manella, J., concurred.