Filed 6/4/13  P. v. Patel CA2/3

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B242524 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA014198) |
| v. | |
| PRANAV  NATUARLAL PATEL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dalila Corral Lyons, Judge.  Reversed and remanded.

Anthony D. Zinnanti for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II and Sonya Roth, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

To aid his quest to become a United States citizen, defendant and appellant Pranav Natuarlal Patel filed, under Penal Code section 1203.4,[1] a motion to expunge his felony conviction for sexual battery by restraint. In support of the motion, Patel submitted his declaration and exhibits showing why the interests of justice, in the trial court's discretion, justified relief. Because the record does not demonstrate that the trial court considered the merits of Patel's petition and exercised its discretion, we remand this matter.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 1993, a felony complaint was filed against Patel. It alleged two counts: count 1 for assault with the intent to commit rape (§ 220), and count 2 for sexual battery by restraint (§ 243.4, subd. (a)). Patel, on March 29, 1994, pleaded nolo contendre to count 2. On May 18, 1994, imposition of sentence was suspended and he was placed on four years' formal probation on the conditions, among others, he serve 365 days in jail and register with the local police agency as a sex offender.[2] His probation case was terminated on May 17, 1998.

Years later, on December 16, 2008, Patel filed a petition under section 1203.4 to have his record expunged.[3] The trial court denied the petition because Patel "did not register pursuant to Penal Code section 290 and therefore [he] did not successfully complete probation."

In August 2011, Patel filed a second motion under section 1203.4 on the ground he fulfilled the conditions of probation. There was no appearance made at the hearing on the petition, and it was denied on November 14, 2011. The minute order from the hearing

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     The minute order states that Patel was to register as a "narcotic offender." There is no dispute on appeal, however, that the correct order was to register as a sex offender. Patel also admits that after his conviction he received "Instructions to Adult Probationer" instructing him to register as a sex offender.

[3]     The petition is not a part of the record on appeal.

states:  "Defendant's petition for dismissal pursuant to section 1203.4 of the Penal Code is denied."

On March 23, 2012, Patel filed a third motion under section 1203.4.[4]  In support of his motion, Patel submitted his declaration and exhibits showing that since his conviction he has been an upstanding and responsible member of the community, a respected businessman, a husband, and a father of twin boys.  Patel explained that when he was placed on felony probation in 1994, his probation officer told him to register as a sex offender with the Los Angeles Police Department (LAPD).  Following written instructions, he tried to register at the Parker Center but the officer refused to register him because the LAPD had no proof of his conviction.  The officer did, however, give him a form reflecting that he could not be registered because there was no proof of his conviction.  When Patel told his probation officer what happened, the probation officer said she would call or email him with further instructions if necessary.  He never received further instruction.

The People opposed Patel's petition on the ground it was merely a request for reconsideration of his two prior motions.

On June 6, 2012, the trial court denied Patel's motion.  Patel's counsel appeared.  There were no reported proceedings, but the minute order states:  "Defendant's 3rd motion to set aside the conviction per [section] 1203.4 [of the Penal Code] is heard and denied."

## DISCUSSION

Section 1203.4 provides that a defendant convicted of a crime and granted probation may have his or her record expunged under three circumstances:  (1) the defendant fulfilled the terms of probation for the entire period; (2) the defendant has been discharged before the termination of the period of probation; or (3) in any case in which a

---

[4]    Patel also cited section 17, subdivision (b)(3), which provides that a crime punishable by imprisonment in state prison or in county jail is a misdemeanor when the court grants probation without imposition of sentence and declares the offense to be a misdemeanor.  He does not argue on appeal that the section applies.

3

court, in its discretion and the interests of justice, determines relief should be granted.[5] (See also *People v. McLernon* (2009) 174 Cal.App.4th 569, 571, 574-575 (*McLernon*); *People v. Holman* (2013) 214 Cal.App.4th 1438; *People v. Butler* (1980) 105 Cal.App.3d 585, 587.) Under the first two scenarios, a defendant is entitled to relief as a matter of right if the defendant has fulfilled the terms of probation or probation has been terminated. (*Butler*, at p. 589.) The third scenario, however, is subject to the trial court's discretion. (*McLernon*, at p. 574.)

The defendant in *McLernon*, like Patel, filed three petitions. McLernon's first two petitions were denied based on his failure to fulfill the conditions of probation. (*McLernon,* 174 Cal.App.4th at p. 575.) But his third petition argued that relief should be granted in the interests of justice. (*Id.* at p. 574.) Because the trial court did not consider

---

[5] Section 1203.4, subdivision (a)(1), provides: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code. The probationer shall be informed, in his or her probation papers, of this right and privilege and his or her right, if any, to petition for a certificate of rehabilitation and pardon. The probationer may make the application and change of plea in person or by attorney, or by the probation officer authorized in writing. However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery Commission."

4

the merits of the motion and instead " 'rejected' " it as " 'having been submitted and denied' " twice before, *McLernon* remanded the matter to the trial court to consider the petition on the merits. (*Ibid*.)

Under *McLernon*, Patel's third petition was not precluded by the denial of his first two. As in *McLernon*, Patel's first petition was denied solely on the ground he failed to fulfill the conditions of probation. Patel's second petition sought relief solely on the ground he had fulfilled the conditions of probation. The denial of the second petition therefore could only have been based on a finding that he failed to fulfill those conditions. Patel's third petition, however, differed from his first two in that it attached Patel's declaration and exhibits showing that since his 1994 conviction he has been a law abiding citizen. It is therefore clear that Patel sought discretionary relief under the third scenario in section 1203.4, a request not made in the prior two petitions.[6]

Whether the trial court considered the merits of Patel's petition is unclear. There were no reported proceedings, and the minute order from the hearing merely states that Patel's "3rd motion to set aside the conviction . . . is . . . denied." That the minute order refers to the motion as Patel's "3rd" and does not address the merits shows that the court summarily denied the motion without considering whether the interests of justice justify relief. The court did not exercise its discretion as required under the third scenario in section 1203.4.

Remand is therefore warranted. We express no opinion regarding whether Patel is entitled to relief. The matter is remanded to the trial court to determine whether, in light of the evidence presented, the interests of justice warrant relief.

---

[6]     We reject the People's argument that Patel's claim on appeal has been waived because he failed to submit an adequate record. Patel submitted a clerk's transcript and an affidavit from the court reporter that there were no reported proceedings on June 6, 2012, the hearing date of the third petition.

## DISPOSITION

The judgment is reversed and remanded for proceedings consistent with this opinion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.


We concur:


KLEIN, P. J.


CROSKEY, J.