Filed 10/24/13  P. v. Saway CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E054551 |
| v. | (Super.Ct.No. RIF129653) |
| CHANTHON SAWAY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Affirmed.

Lauren E. Eskenazi, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Christopher P. Beesley and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Chanthon Saway appeals from the trial court's denial of her motion to set aside her felony conviction pursuant to Penal Code[1] section 1203.4. We find no error and affirm the judgment.

PROCEDURAL BACKGROUND[2]

On April 28, 2006, defendant pled guilty to felony unlawfully obtaining the personal identifying information of another person (§ 530.5, subd. (a)) in case No. RIF129653. In return, the remaining allegations were dismissed, and defendant was placed on formal probation for a period of three years on various terms and conditions of probation. On that same day, in case No. RIM466601, defendant pled guilty to misdemeanor burglary (§ 459); in exchange, defendant was placed on informal summary probation for a period of three years to run concurrent with her probation in case No. RIF129653.

On September 6, 2006, a misdemeanor complaint was filed in case No. RIM487948 alleging that defendant had possessed methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and drug paraphernalia (Health & Saf. Code, § 11364). A petition was also filed to withdraw defendant's probation in case Nos. RIF129653 and RIM466601 based on the new misdemeanor drug-related charges that were filed.

On September 13, 2006, defendant pled guilty to the possession of methamphetamine charge and admitted violating the terms of her probation in both cases.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The details of defendant's criminal conduct are not relevant to the limited issue she raises in this appeal, and we will not recount them here.

2

In the identity theft case, the trial court reinstated formal probation along with the condition that she serve 180 days in county jail. In the misdemeanor drug case, the trial court denied probation and sentenced defendant to serve 180 days in county jail to run concurrent with the custody term imposed in the identity theft case.

On January 5, 2011, defendant filed a motion to set aside her felony identity theft conviction pursuant to section 1203.4. Defendant claimed that she had successfully completed probation; that she had voluntarily enrolled and completed a rehabilitation program; and that she had enrolled in college to study business administration. She further asserted that although she was living on food stamps, she had volunteered with the "Meals on Wheels" program for the last two years to help others, and that she sought expungement to gainfully be employed upon completion of her education and reunite with her children.

A hearing on defendant's motion was held on January 21, 2011. The trial court denied the motion but reduced the felony identity theft conviction to a misdemeanor pursuant to section 17, subdivision (b). The trial court found that defendant was not entitled to section 1203.4 relief "because she violated that probation, and she admitted a Term 1 violation and she picked up a new offense. Further, she didn't manage to pay off the fines. She finally did three years later in '09. So on that one, she's not entitled to 1203.4." The trial court, however, granted defendant section 1203.4 relief in the misdemeanor drug case (case No. RIM487948).

3

DISCUSSION

Defendant contends that the matter should be remanded because the trial court failed to consider whether she was entitled to section 1203.4 relief based on the "interest of justice" exception.

Section 1203.4, subdivision (a)(1), provides in relevant part: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty [and] the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted . . . ." (See also *People v. Johnson* (2012) 211 Cal.App.4th 252, 259-260 (*Johnson*) [Fourth Dist., Div. Two].)

"As the statutory language makes clear, there are three situations in which a defendant may be entitled to have his or her conviction dismissed." (*People v. McLernon* (2009) 174 Cal.App.4th 569, 574 (*McLernon*).) In the first two situations, where the defendant has successfully completed the entire period of probation or has been discharged from probation prior to termination, the defendant is entitled to mandatory

4

relief. (*Ibid.*; see also *Johnson*, *supra*, 211 Cal.App.4th at pp. 260, 264; *People v. Field* (1995) 31 Cal.App.4th 1778, 1787; *People v. Butler* (1980) 105 Cal.App.3d 585, 587.) If the defendant comes within the third situation, relief is entirely discretionary. (*People v. Mgebrov* (2008) 166 Cal.App.4th 579, 587.) "The last requires the court to determine whether, in its discretion and the interests of justice, the relief should be granted." (*McLernon*, at p. 574.) "[I]n determining whether to grant relief under the discretionary provision, the trial court may consider any relevant information, including the defendant's postprobation conduct." (*Id.* at p. 577.)

"[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) If the record shows that a trial court misunderstood the scope of its discretion, then we must remand for an *informed* exercise of the power. (Cf. *People v. Fuhrman* (1997) 16 Cal.4th 930, 944 [discretion to strike recidivist finding].)

Defendant here sought relief based upon the third situation, i.e., the motion asked the trial court to find that relief should be granted in the interests of justice based upon a five-year crime-free period, completion of three years of probation, rehabilitation, and a "desire to seek future professional employment."

On appeal, defendant argues that reversal and remand is required because the trial court "refused to consider these 'interests of justice' factors and denied relief solely on [defendant]'s unsatisfactory performance on probation." Defendant also claims that the trial court "misunderstood its discretion because it erroneously believed that [defendant]'s probation violation, alone, precluded section 1203.4 relief as a matter of

5

law and, thus, relinquished its discretionary power to address the issue based on the 'interests of justice.'" There is no merit to these claims.

"When the question on appeal is whether the trial court has abused its discretion, the showing is insufficient if it presents facts which merely afford an opportunity for a difference of opinion. An appellate tribunal is not authorized to substitute its judgment for that of the trial judge." (*People v. Stewart* (1985) 171 Cal.App.3d 59, 65.) "[D]iscretion is abused only if the court exceeds the bounds of reason, all of the circumstances being considered." (*Ibid*.) This rule requires that the reviewing court engage in all intendments and presumptions in support of the decision and consider the evidence in a light most favorable to the prevailing party. (*People v. Condley* (1977) 69 Cal.App.3d 999, 1015 [Fourth Dist., Div. Two].) It also requires that the party claiming abuse of discretion affirmatively establish the point. (*Smith v. Smith* (1969) 1 Cal.App.3d 952, 958.)

A grant of probation is "'a bargain made by the People, through the Legislature and the courts, with the convicted individual, whereby the latter is in essence told that if he complies with the requirements of probation, he may become reinstated as a law-abiding member of society. [Citation.] As an additional inducement, the "removal of the blemish of a criminal record" is held out through the provisions of Penal Code section 1203.4. [Citation.]' [Citation.] 'The expunging of the record of conviction is, in essence, a form of legislatively authorized certification of complete rehabilitation based on a prescribed showing of exemplary conduct during the entire period of probation.'"

(*People v. Covington* (2000) 82 Cal.App.4th 1263, 1270; see also *Johnson*, *supra*, 211 Cal.App.4th at pp. 261-262.)

Here, the trial court did not disregard the evidence of defendant's rehabilitation as defendant claims. Defendant clearly presented the factors for the trial court's consideration. The trial court simply found that defendant's nonexemplary conduct during the entire period of probation outweighed the evidence of defendant's relatively short-lived rehabilitation. The record also fails to demonstrate that the trial court misunderstood the scope of its discretion. Defendant had pointed out in her motion for relief that the trial court had discretion to grant relief in the interests of justice. Defendant also pointed out in her motion that the court should grant relief based on the following factors: (1) completing probation; (2) remaining crime-free since 2006; (3) pursuing economic opportunities; (4) completing a rehabilitation program; (5) volunteering and helping others; and (6) attending college for business administration.

Defendant's arguments do no more than highlight a difference of opinion about the significance of the factors considered by the trial court in evaluating the interests of justice rather than demonstrate that the trial court's opinion was irrational. (See, e.g., *McLernon*, *supra*, 174 Cal.App.4th at p. 577 ["A request for relief under the interests of justice provision of section 1203.4 necessarily will be based upon the facts as they exist at the time of the request. Those facts may be very different at different times. For example, at the time McLernon brought his first motion in 2001, he had been drug free and crime free for only six years. By the time of the motion at issue in this appeal, he had

7

been drug free and crime free for 12 years"].)  Defendant, therefore, fails to affirmatively demonstrate an abuse of discretion.

Defendant's reliance on *McLernon*, *supra*, 174 Cal.App.4th 569, to support her position that the trial court failed to consider her interests of justice factors is unavailing. Unlike here, the motion filed in the *McLernon* case was clearly denied without the trial court considering his interests of justice factors or the merits of his motion but instead relying upon the denials of his motion in 2001 and his petition in 2007.  The record on appeal included a minute order of the court's ruling, which stated:  "'The petition for relief pursuant to Penal Code section 1203.4 is rejected having been submitted and denied on 3-06-01 and 6-05-07.'"  (*Id*. at p. 574.)  The appellate court explained:  "First, the language of the minute order at issue makes clear that the trial court did not consider the merits of McLernon's motion.  The court 'rejected' the motion as 'having been submitted and denied on 3-06-01 and 6-05-07.'  Moreover, the minute order denying the previous motion petition on June 5, 2007 indicates that the reason for that denial was the denial of the March 6, 2001 motion, which was denied 'due to unsatisfactory performance on probation.'  Thus, it appears that the sole basis for denying any of McLernon's requests for relief under section 1203.4 was his unsatisfactory performance on probation."  (*Id*. at p. 575.)

In the present matter, defendant cannot affirmatively show that the trial court did not consider the merits of her motion or her interests of justice factors but instead solely relied on her poor performance on probation.  Defendant also cannot affirmatively demonstrate that the trial court misunderstood the scope of its discretion.  In fact, the

8

record shows otherwise.  The trial court simply exercised its discretion in finding that the interests of justice did not require the relief be granted.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

KING

J.

CODRINGTON

J.

9