Filed 12/24/15  P. v. Mittelsteadt CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TODD PHILLIP MITTELSTEADT,<br><br>    Defendant and Appellant. | G051154<br><br>(Super. Ct. No. 10CF0585)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Richard M. King, Judge.  Reversed and remanded.

Randy K. Ladisky, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Quisteen S. Shum and Peter Quon Jr., Deputy Attorneys General, for Plaintiff and Respondent.

Todd Phillip Mittelsteadt pleaded guilty to second degree commercial burglary and admitted he suffered a prior prison term in exchange for three years of informal probation and the prosecutor's agreement to not oppose a later request to reduce the offense to a misdemeanor pursuant to Penal Code section 17, subdivision (b).[1] The trial court imposed several conditions of probation, including a total of $260 in fines and fees.

As promised, the prosecutor did not oppose Mittelsteadt's October 2014 petition to reduce his offense to a misdemeanor or his request to dismiss the action pursuant to section 1203.4 (hereafter 1203.4 motion). However, the trial court denied both requests. Mittelsteadt filed a motion for reconsideration, and the trial court ordered the offense be reduced to a misdemeanor, but it denied the 1203.4 motion. The parties agree the order should be reversed but disagree on whether the matter should be remanded. We conclude the order must be reversed and the matter remanded for the trial court to consider the 1203.4 motion and provide a statement for its grant or denial.

II

On appeal, Mittelsteadt argues the trial court erred in denying his 1203.4 motion and this court should direct the trial court to dismiss the action on remand. The Attorney General agrees this case should be remanded, but with instructions for the trial court to consider the 1203.4 motion and provide an explanation for its ruling on the matter. We agree with the Attorney General.

Section 1203.4 permits a qualifying defendant who has pleaded guilty and successfully completed probation "to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty[.] [T]he court shall thereupon dismiss the accusations or information against the defendant and . . . he or she shall thereafter be

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

released from all penalties and disabilities resulting from the offense of which he or she has been convicted." (§ 1203.4, subd. (a)(1).)

The statute is applicable to defendants in one of three factual scenarios. If, "(a) he has fulfilled the conditions of his probation for the entire period; (b) he has been discharged before the termination of the period of probation; or (c) in any case in which a court, in its discretion and the interests of justice, determines he should be granted relief. [Citation.]" (*People v. Butler* (1980) 105 Cal.App.3d 585, 587 (*Butler*).)

"Under either of the first two scenarios, the defendant is entitled as a matter of right to the dismissal of the charge. (See *People v. Chandler* (1988) 203 Cal.App.3d 782, 788 ['[A] defendant moving under . . . section 1203.4 is entitled as a matter of right to its benefits upon a showing that he "has fulfilled the conditions of probation for the entire period of probation." It was apparently intended that when a defendant has satisfied the terms of probation, the trial court should have no discretion but to carry out its part of the bargain with the defendant']; [*B*]*utler, supra*, 105 Cal.App.3d at p. 589, ['Once probation is terminated early, a later judge who is requested to grant relief under section 1203.4 is without discretion to deny relief'].)" (*People v. Guillen* (2013) 218 Cal.App.4th 975, 991 (*Guillen*).)

Mittelsteadt's case falls under the first scenario because his probation expired naturally. Thus, he is entitled as a matter of right to dismissal of the action upon a showing he has fulfilled the conditions of probation. (*Guillen, supra,* 218 Cal.App.4th at p. 991.) "Any violation of any of the probationary terms will disqualify a probationer from seeking dismissal under the first scenario." (*Ibid.*)

The record before us does not provide information as to the trial court's reasoning for denying Mittelsteadt's 1203.4 motion. The court did not consider oral argument in connection with the original motion; the court issued its ruling via minute order based on the briefing alone. And although there was a hearing on Mittelsteadt's motion for reconsideration, the reporter's transcript reflects defense counsel only briefly

3

argued (two pages of transcript) and focused on application of section 17, subdivision (b). Relief under section 1203.4 was not mentioned before the trial court took the matter under submission.

In their briefing on appeal, both sides focus on the payment, or lack thereof, of restitution fines and fees as being a likely reason why the court may have denied the motion. However, there is no evidence on the record referencing either payment or non-payment of these fines. More importantly, the record is silent as to the trial court's reasoning in denying the motion. The trial court could have focused on the payment of fines, or disregarded that issue and denied the motion based on some other factor not obvious in our record. Accordingly, we conclude the best course of action is to reverse the order and remand the matter to the trial court to consider the 1203.4 motion and provide a statement for its grant or denial of the petition.

III

The postjudgment order denying the 1203.4 motion is reversed and remanded for further proceedings on the issue. The postjudgment order is affirmed in all other respects.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


IKOLA, J.


4