Filed 3/15/21  P. v. Tyler CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. RICHARD SHELDON TYLER, Defendant and Appellant. | 2d Crim. No. B302924 (Super. Ct. No. F000368216001) (San Luis Obispo County) |

Richard Tyler appeals from the order after judgment denying his motion to set aside and dismiss the conviction.  (Pen. Code,[1] § 1203.4.)  He contends the trial court erred in denying relief based on his failure to pay court-ordered fines and fees without determining his ability to pay.[2]  We affirm.

_____

[1] All subsequent undesignated statutory references are to the Penal Code.

[2] Tyler also appeals from the denial of his motion to reduce the charge to a misdemeanor.  (§ 17, subd. (b).)  He has

## FACTUAL AND PROCEDURAL BACKGROUND

In 2005, a jury found Tyler guilty of possession of methamphetamine for sale and found true an allegation that it was in crystalline form. (Health & Saf. Code, § 11378; Pen. Code, § 1170.74.) The trial court placed Tyler on supervised probation for three years with terms and conditions including that he serve 365 days in county jail and pay various fines and fees: $200 restitution to the state restitution fund (§ 1202.4, subd. (f)), a $200 restitution fine (§ 1202.4, subd. (b)(1)), a $200 probation revocation fine stayed pending successful completion of probation (§ 1202.44), a $300 statutory penalty (Gov. Code, § 76104.6, subd. (a)), a $50 criminal laboratory fee (Health & Saf. Code, § 11372.5) and a $20 court security fee (§ 1465.8, subd. (a)(1)). In addition, he was ordered to reimburse the county, in the form of a civil judgment, for various fees: a $45 processing fee, $520 for a pre-sentence investigation and report, a $40 monthly probation monitoring fee, an $85 adult probation intake fee, and a $55 chemical testing fee. (§ 1203.1b.) We affirmed the judgment in 2006. (*People v. Tyler* (Sept. 28, 2006, B189006) [nonpub. opn.].)

In 2007 and 2008, Tyler admitted four violations of probation. For three of the violations, he received additional jail time of 10 days, 20 days (concurrent to a new criminal case and another case), and 90 days (concurrent to another case), respectively. In 2010, he paid $632 toward his obligations.

In 2019, Tyler moved to set aside the conviction and dismiss the charges. (§ 1203.4.) He asserted that the ends of justice would be served because he had no criminal charges since 2008, he moved to Ventura County, and the conviction "has made

abandoned the issue by not providing argument or citation of authority. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

2

it difficult for [him] to find adequate housing" and "has limited his employment opportunities."

The probation department reported that Tyler sustained no new arrests or adjudications but failed to meet his financial obligations.  His outstanding balance of $3,002 was sent for collection to the Franchise Tax Board.  Based on Tyler's failure to pay the fines and fees and his violations of probation, the trial court denied the motion to set aside and dismiss the conviction.

## DISCUSSION

Section 1203.4 authorizes the court to set aside a conviction and dismiss the case after completion of probation. The defendant "shall thereafter be released from all penalties and disabilities resulting from the offense," with enumerated exceptions.  (§ 1203.4, subd. (a)(1).)

The court may grant section 1203.4 relief when:  "[1] a defendant has fulfilled the conditions of probation for the entire period of probation, or [2] has been discharged prior to the termination of the period of probation, or [3] in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section."  (§ 1203.4, subd. (a)(1).)  The court is required to grant relief in the first two situations if the statutory conditions are met.  Relief in the third situation is discretionary.  (*People v. McLernon* (2009) 174 Cal.App.4th 569, 574-576.)  We review for abuse of discretion.

Tyler did not "fulfill[] the conditions of probation for the entire period of probation" because he violated probation four times.  Nor was probation terminated early.  In denying the section 1203.4 motion, the trial court relied not only on the

failure to pay fines and fees, but also on Tyler's four violations of probation.  (See *People v. McLernon*, *supra*, 174 Cal.App.4th at pp. 576-577.)  The record does not disclose the nature of the violations but reflects that they coincided with the filing of new criminal cases and in three instances were serious enough to warrant additional jail time.

Tyler contends that pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), the trial court's reliance on his unpaid fines and fees, without determination of his ability to pay, violated his state and federal right to due process.  *Dueñas* discusses the effect of indigency on section 1203.4 relief. (*Dueñas*, at pp. 1170-1171.)  It reasons that a probationer unable to pay a restitution fine is barred from mandatory relief based on compliance with probation conditions and is limited to seeking discretionary relief in the interest of justice.  (See *People v. Covington* (2000) 82 Cal.App.4th 1263 [failure to pay restitution barred mandatory dismissal].)  But as Tyler concedes, his violations of probation disqualify him from mandatory relief.

Moreover, the record does not show that Tyler's situation is comparable to that of *Dueñas*.  There, the defendant was unemployed, homeless, and suffered from cerebral palsy. She lived on public benefits, which were inadequate to provide "basic necessities for her family."  (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1160-1161.)  She was trapped in "an ever-expanding . . . cycle" of convictions for driving on a suspended license and inability to pay fees for those convictions, which led to further license suspensions.  (*Id*. at pp. 1161, 1163.)  In contrast here, Tyler was self-employed at the time of sentencing as a tile-setter. His motion was based on general statements that it was "difficult . . . to find adequate housing" and he had "limited . . .

4

employment opportunities."

The court did not abuse its discretion in considering Tyler's failure to pay. Abuse of discretion is not found "'"unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that results in a manifest miscarriage of justice.'" [Citation.]" (*People v. Jones* (2013) 57 Cal.4th 899, 924.) In the 14 years since Tyler's conviction, he made only one payment, which was after termination of probation. He made no showing that he was unable to make additional payments. The fact that he was represented by court-appointed counsel does not establish that he was unable to pay fines or fees. (*People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397 [defendant unable to pay for court-appointed counsel may have ability to pay restitution fine]; *People v. Vournazos* (1988) 198 Cal.App.3d 948, 958 [defendant qualified for court-appointed counsel but had ability to pay restitution].) There was no error.

In any event, Tyler forfeited the issue because he did not make this claim in the trial court and did not offer evidence of his inability to pay. (*People v. Trujillo* (2015) 60 Cal.4th 850, 856 [inability to pay probation fees].) Because the hearing in the trial court occurred after *Dueñas*, asserting inability to pay would not "'have been "futile or wholly unsupported by substantive law then in existence."'" (*People v. Taylor* (2019) 43 Cal.App.5th 390, 399.)

Tyler argues that he did not forfeit the issue of ability to pay because it involves a fundamental right. He relies on *People v. Mills* (1978) 81 Cal.App.3d 171, 175, which allows appellate consideration of an issue not raised in the trial court if it "presents only a question of law arising from facts which are undisputed." But the factual basis for the argument is missing here because there is no evidence of inability to pay.

5

Nor can we conclude that failure to raise the issue constituted ineffective assistance of counsel. Because the record contains no evidence that Tyler was unable to pay the fines and fees, he has not demonstrated a reasonable probability of a more favorable outcome as a "'"demonstrable reality," not simply speculation.'" (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.)

**DISPOSITION**

The order (denying reduction to a misdemeanor and denying dismissal) is affirmed.

<u>NOT TO BE PUBLISHED.</u>

TANGEMAN, J.

We concur:

YEGAN, Acting P. J.

PERREN, J.

6

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Richard B. Lennon and Michael Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.