Filed 9/30/21  P. v. Forte CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>CALVIN JOSEPH FORTE,<br><br>    Defendant and Appellant. | A160957<br><br>(Solano County Super. Ct.<br>No. FCR230618) |

This appeal is from an order denying a petition for discretionary expungement of a criminal conviction.  In November 2006, Calvin Joseph Forte pleaded no contest to a charge of inflicting corporeal injury on a minor (Pen. Code, § 273d)[1] and was convicted of the charge.  The trial court placed Forte on formal probation for three years and ordered him to serve 270 days in county jail.  The court imposed various conditions of probation including that he complete a 52-week child abuse counseling program and abstain from illegal drugs.  In 2008, Forte was found to have violated his probation twice. As a result, his probation term was extended three years, and he was ordered to serve another 120 days in county jail.  Thereafter, Forte met the terms of his probation, and his probation term expired by operation of law in 2011.  In

_____

[1] All further statutory references are to the Penal Code.

1

February 2020, having suffered no further criminal convictions, Forte filed an expungement petition seeking discretionary dismissal of his 2006 conviction under section 1203.4. The trial court denied relief, and this appeal followed.

Seeing no error, we affirm.

## I.

At the time of his offense in 2005, Forte was 25 years old and a father, while the victim, a minor, was a 13-year-old middle school student. Forte punched the young victim in the mouth, allegedly because the minor pushed and disrespected Forte's stepdaughter at school. As a result of the assault, the minor received stitches and suffered physical pain and emotional trauma. Forte fled the scene, showing no regard for the victim's well-being. Following his arrest, Forte expressed remorse and admitted he could have approached the situation without resorting to violence. He admitted "that his own behavior was 'stupid' since he is fully aware . . . that the victim was only a child, and his behavior in hitting the victim may have 'traumatized' [him] and 'crushed his spirit.' " In 2004, Forte had been convicted of misdemeanor battery (§ 242). Indeed, at the time of his assault on the 13-year-old schoolmate of his stepdaughter, Forte was on probation for the 2004 battery.

After being placed on probation again in 2006, Forte violated the terms of his probation twice. On April 3, 2008, the probation department filed a report alleging that Forte had violated the conditions of his probation when he missed three sessions of his 52-week "child abusers' counseling program" and had not been attending for two weeks. The probation department directed Forte to resume attending the classes on March 3, 2008, but Forte did not attend the class. The probation department charged him with a probation violation for his nonattendance.

During his interview with the probation department, Forte reported he was struggling to find a job due to his felony conviction and it was hard for him to pay for the class. He had, however, resumed his participation in the class prior to his interview with probation and said he intended to keep attending. The probation report noted that Forte failed to bring in evidence that he had applied for 20 jobs since his last meeting with the probation department, although he did report that he was employed part-time as a janitor at a dance center. Ultimately, the probation department recommended that probation be revoked and reinstated and that Forte be ordered to spend 10 days in jail. On April 3, 2008, Forte admitted the probation violation and was ordered to complete 80 hours of community service and submit job applications as directed by probation.

On June 9, 2008, after Forte submitted a positive drug test for marijuana, the probation department charged him with violating his probation for illegal drug use. That was the first positive drug test Forte submitted in the 18 months he had been on probation, and apparently as a result, the District Attorney agreed to dismiss the alleged violation. Despite the reprieve, however, Forte had more problems with drug use later that year. On July 28, 2008, the probation department alleged that Forte submitted a positive drug test for cocaine, and based on that positive test, once again charged him with a probation violation for illegal drug use. During the interview with probation staff, Forte reported that a friend had given him a cigarette containing cocaine. According to the probation report, Forte said he "kicked [the friend's] ass." Police were not contacted, and no complaint was filed against Forte related to that statement. According to the report, Forte did not initially express remorse for hitting the person who gave him the cigarette, although he later said he was acting in self-defense.

The probation department recommended that Forte's probation be revoked and that he be remanded to prison.  Forte admitted violating his probation and was taken into custody.  On July 30, 2008, the Court ordered that he be placed in a diagnostic facility with the California Department of Corrections and Rehabilitation (CDCR) for a period of up to 90 days under section 1203.03.  The CDCR submitted a Diagnostic Study and Recommendation in September 2018.  That report "was prepared with the objective of assessing the defendant's potential for functioning successfully on probation or under other supervision and the level of threat to the community if he should fail to live up to that potential."

Although the CDCR's report noted that the seriousness of Forte's offense justified incarceration, its bottom line recommendation gave him the benefit of the doubt: "Mr. Forte has complied with a reasonable amount of his probation condition[s].  He appears to have family support, the ability to obtain employment and a minimal criminal record.  It appears his present incarceration has made an impression on him and possibly given him insight to his situation.  Therefore, a suspended prison sentence is recommended and [*sic*] possible Mr. Forte will realize his dilemma.  If he should not comply with the probation department and court orders, he should immediately be remanded to California Department of Corrections and Rehabilitation to serve his term."

The court followed the CDCR's recommendation.  On September 15, 2008, it reinstated Forte's probation, ordered him to serve 120 days in county jail and extended his probation three years from that date.  The court ordered that Forte "shall be returned to court for <u>ANY</u> probation violation."  Forte appears to have taken seriously the message that he would be given no further chances, because he made sure his behavior reflected it.  For the next

three years, he avoided further probation violations. His probation terminated by operation of law in 2011, and he has remained free from all further entanglements with the criminal justice system since then.

## II.

Under section 1203.4, a defendant may move for dismissal of a conviction previously suffered by him on the grounds that " '(a) he has fulfilled the conditions of his probation for the entire period; (b) he has been discharged before the termination of the period of probation; or (c) in any case in which a court, in its discretion and the interests of justice, determines he should be granted relief.' " (*People v. Guillen* (2013) 218 Cal.App.4th 975, 991, citing *People v. Butler* (1980) 105 Cal.App.3d 585, 587.) "As the statutory language makes clear, there are three situations in which a defendant may be entitled to have his or her conviction dismissed. The first two—when the defendant fulfilled the conditions of probation for the entire probationary period or when the defendant was discharged before the termination of the period of probation—require the court to grant the requested relief if the conditions are met. The last requires the court to determine whether, in its discretion and the interests of justice, the relief should be granted." (*People v. McLernon* (2009) 174 Cal.App.4th 569, 574.)

A grant of probation is " 'a bargain made by the People, through the Legislature and the courts, with the convicted individual, whereby the latter is in essence told that if he complies with the requirements of probation, he may become reinstated as a law-abiding member of society. [Citation.] As an additional inducement, the "removal of the blemish of a criminal record" is held out through the provisions of Penal Code section 1203.4. [Citation.]' [Citation.] 'The expunging of the record of conviction is, in essence, a form of legislatively authorized certification of complete rehabilitation based on a

5

prescribed showing of exemplary conduct during the entire period of probation.' " (*People v. Covington* (2000) 82 Cal.App.4th 1263, 1270.) Forte filed the petition before us under the discretionary "interests of justice" prong of section 1203.4.

This court reviews claims seeking expungement "in the interests of justice" under section 1203.4 for abuse of discretion. (*People v. McLernon*, *supra*, 174 Cal.App.4th at p. 572.) In our review for abuse of discretion, we must accept all factual findings of the trial court that are supported by substantial evidence. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.) Under this deferential standard, our review is very limited. Our authority " 'begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the [finding]. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court.' " (*Western States Petroleum Assn. v. Superior Court* (1995) 9 Cal.4th 559, 571.) We will uphold the trial court's discretionary choice so long as is it is not arbitrary, capricious or wholly unreasonable. (*People v. Moran* (2016) 1 Cal.5th 398, 403.)

We cannot say there was an abuse of discretion on this record. Forte argues that given his clean criminal record since September 2008 with no probation violations for the next three years, and the positive strides he has made in his life, the trial court's decision not to dismiss his conviction was erroneous. He contends the court's ruling failed to consider factors other than the nature of the offense and his probation violations and was thus contrary to the intent of section 1203.4 to provide expungement relief to defendants who have demonstrated post-probation rehabilitation. That is not how we read the record. Contrary to Forte's argument, the court did not

6

solely consider the nature of the offense and his probation violations to ban Forte categorically from expungement relief. The court considered Forte's post-probation conduct and circumstances and sympathized with his current situation, but on balance found dismissal was not warranted.

Forte argues that if a petitioner's conviction and history of probation violations are sufficient grounds to deny discretionary relief under section 1203.4, then the power to grant that relief is illusory because those factors will exist in every case, since by definition petitioners seeking discretionary relief will not have qualified for mandatory relief. But that does not mean the discretionary power under section 1203.4 is rendered illusory, as Forte suggests. It simply means that here, on this record, the court was not persuaded it should exercise its discretionary power. Forte's argument, in effect, boils down to a request that we give more weight to his post-probation conduct than the trial court was willing to give it. Even if we would have done so were we deciding the petition in the first instance, on appeal we have no power to second-guess the trial court's discretionary judgment. Accordingly, we conclude that the trial court considered all relevant factors and acted within its discretion under section 1203.4.

Having so concluded, we observe in closing that Forte is to be applauded for his efforts to demonstrate rehabilitation. Nothing we say here should be interpreted to suggest that we discourage a future effort to seek section 1203.4 dismissal, after enough time has passed so that a subsequent petition is not, in effect, simply a request for reconsideration on substantially the same record we have now. The more time Forte stays crime-free, the stronger his argument that the section 1203.4 balance should be struck in his favor will become.

## DISPOSITION

The trial court's order denying Forte's petition for dismissal is affirmed.

STREETER, J.

WE CONCUR:

POLLAK, P. J.
ROSS, J.*

---

\* Judge of the Superior Court of California, City and County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8