Filed 3/24/16  P. v. Marquez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063208 |
| v. | (Super.Ct.No. FBA1100675) |
| REGINA LENDIA MARQUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Eric M. Nakata, Judge.  Reversed with directions.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel, Alana Butler and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Regina Lendia Marquez applied under Penal Code section 1203.4, for relief from the penalties and disabilities of her underlying conviction, after she had successfully completed her probation, in compliance with all the terms thereof for the entire period of probation. The trial court erroneously denied defendant's petition for relief, purportedly on the ground of the seriousness of the offense. However, under the statutory provisions, defendant was entitled to the relief sought, and the trial court's denial of her petition was in error. We reverse and remand with directions.

FACTS AND PROCEDURAL HISTORY

Defendant was originally charged in 2011 with one count of negligent discharge of a firearm (Pen. Code, § 246.3, subd. (a)) and one count of child endangerment (Pen. Code, § 273a, subd. (a)). Defendant, a long-term victim of domestic violence, retrieved a handgun to try to prevent her boyfriend from hitting her during a physical altercation. She discharged the gun at the floor, attempting to scare her boyfriend, and causing a ricochet injury to the boyfriend's foot. Defendant was later assaulted by the boyfriend's mother and sister. The child abuse charge apparently was pleaded because one or more of defendant's children was present in the home, or just outside, during the incident.

Defendant agreed to plead no contest to the negligent discharge of a firearm. She would be admitted to probation, and the child abuse charge would be dismissed. Defendant entered into the plea in February 2012.

2

In November 2014, defendant filed a petition under Penal Code sections 17, 1203.3 and 1203.4 for early termination of probation, and reduction of the offense to a misdemeanor. The prosecutor pointed out that defendant's plea agreement had specified 36 months of probation. In addition, defendant's probation was set to terminate on February 27, 2015. The court told defense counsel, "you're aware of my position that when someone negotiates a particular amount of time, that that is what they get. It is what it is, and she negotiated for 36 months. That will be the case." If defendant wanted to file a motion under Penal Code section 1203.4 after her probation expired, the court planned to refer the case for a new probation report. Defense counsel questioned why a new report would be needed; the court replied, "I want to re-refer it because I don't particularly care for this report. I'm going to make them do it right." The trial court denied this initial petition, without prejudice. The trial court continued the hearing on the petition until March 2015, to reconsider the matter once defendant had completed her probation.

At the continued hearing on March 4, 2015, defendant's formal probation had already been terminated, but no new reference for a probation report had been made. The trial court asked, "Is this even a wobbler?" When assured that it was, the court stated, "Well, there's a memo from probation, and of course it's from [named probation officer], who has no credibility with this Court, really."

3

The prosecutor opposed granting relief, because the offense involved the actual shooting of a firearm, when a child was nearby. The trial court wanted to know what kind of gun had been used, but the prosecutor did not have that information available. The court again continued the matter to March 25. The court also "referred [the case] back to probation for a better report to let me know what the original offense was and the circumstances of the original offense before I make a decision on this."

On March 25, 2015, no new probation report had been made to the court. The court took the view, however, that the "underlying case of this is really serious." The court was "really surprised that she got a probation on this. I am not inclined to 17(b) [i.e., reduce to a misdemeanor] this. I don't even know that [Penal Code section 246.3] is a wobbler." The prosecutor argued against any reduction, "based on the seriousness of the [offense.]"

Defendant filed her notice of appeal on March 26, 2015, and an amended notice of appeal on April 7, 2015.

ANALYSIS

The Trial Court Erred in Denying Defendant's Motion to

Withdraw Her Plea and Dismiss Her Conviction

A.  *Statutory Background and Standard of Review*

"There are three circumstances in which a defendant may apply for relief under Penal Code section 1203.4:  if, '(a) he has fulfilled the conditions of his probation for the entire period; (b) he has been discharged before the termination of the period of

4

probation; or (c) in any case in which a court, in its discretion and the interests of justice, determines he should be granted relief.'" (*People v. Holman* (2013) 214 Cal.App.4th 1438, 1459, citing *People v. Butler* (1980) 105 Cal.App.3d 585, 587.) "Under either of the first two scenarios, the defendant is entitled as a matter of right to the dismissal of the charge. (See *People v. Chandler* (1988) 203 Cal.App.3d 782, 788 . . . ['[A] defendant moving under Penal Code section 1203.4 is entitled as a matter of right to its benefits upon a showing that he "has fulfilled the conditions of probation for the entire period of probation." It was apparently intended that when a defendant has satisfied the terms of probation, the trial court should have no discretion but to carry out its part of the bargain with the defendant.']; *People v. Butler*, *supra*, 105 Cal.App.3d at p. 589 ['Once probation is terminated early, a later judge who is requested to grant relief under section 1203.4 is without discretion to deny relief.'].) Under the third scenario, the court exercises its discretion whether to grant relief in the interests of justice. (*People v. McLernon* (2009) 174 Cal.App.4th 569, 574 . . . ['The last [scenario] requires the court to determine whether, in its discretion and the interests of justice, the relief should be granted.']; *Butler*, at p. 587 ['A grant of relief in the third situation is clearly discretionary.'].)" (*People v. Holman*, at p. 1459.)

Here, defendant did not purport to petition for relief under the discretionary third scenario. Rather, her initial application requested early termination of probation (see Pen. Code, § 1203.3), which, had early termination been granted, would have qualified her for relief under the second scenario. The trial court denied early termination. After

she had completed her probation, however, defendant's renewed application requested relief under the first scenario.

Although the first scenario—compliance with all the terms of probation throughout the probationary period—is said to entitle the probationer to relief under Penal Code section 1203.4, the preliminary determination of whether the probationer actually has complied with all the terms of probation is a factual one. The trial court's determinations as to the predicate facts—i.e., whether the defendant has fully complied with the terms of probation throughout the probationary period—are subject to substantial evidence review. (*People v. Turner* (1961) 193 Cal.App.2d 243, 247.)

Once the trial court determines that the probationer has complied with the terms of probation for the entire probationary period, however, then the application of the law—a probationer's entitlement to the relief afforded under Penal Code section 1203.4—to the facts as found is a matter of law. In addition, the application of the law to undisputed facts is a question of law, which the appellate court reviews independently. (*People v. Butler*, *supra*, 105 Cal.App.3d 585, 588 [although the defendant failed to raise the issue of entitlement to relief under Penal Code section 1203.4 in the trial court, based on his early discharge from probation, the appellate court could nevertheless consider it because it presented an issue of law arising from undisputed facts: What was the legal effect of the early termination of his probation?].) The latter situation obtains here: The salient facts are undisputed. We therefore assess the trial court's ruling, denying defendant's petition for relief, under a de novo standard of review. (See, e.g., *People v. Cromer*

(2001) 24 Cal.4th 889, 893-894; *Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175-1176.)

B.		*Defendant Was Entitled to Relief Under Penal Code Section 1203.4*

The court denied defendant's renewed petition for relief under Penal Code section 1203.4, ostensibly based on the seriousness of the offense. Defendant's application to withdraw her plea and to dismiss the charge was not based on the third, wholly discretionary, scenario provided for in Penal Code section 1203.4. Because defendant's application was based on the first scenario, compliance with the terms of probation during the probationary period, it was not open to the trial court to exercise its discretion under the third scenario to find that the interests of justice required that relief be denied.

The essential facts were undisputed. Defendant had paid all her fees and fines. She did not have any new law enforcement contacts or any violations of probation. She had extricated herself from the abusive relationship that led to the offense. She had reported to the probation officer regularly, as ordered. She had maintained gainful employment, and had received a promotion. In short, defendant had been a model probationer and, undisputedly, had fulfilled all the terms of her probation, throughout the entire probationary period.

In such cases, a defendant is entitled to relief "as a matter of right," and dismissal is mandatory. (*People v. Holman*, *supra*, 214 Cal.App.4th 1438, 1459.) The trial court had no discretion to deny relief. It erred as a matter of law in denying defendant's petition for relief under Penal Code section 1203.4; the court was obliged to allow her to withdraw her plea, and was further obliged to dismiss the charge.

8

DISPOSITION

The trial court erred in denying defendant's motion for relief under Penal Code section 1203.4. The order denying relief is reversed, and the matter is remanded for further proceedings. Defendant is entitled to the relief provided by statute: The trial court must allow defendant to withdraw her plea and must dismiss the charge.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER_____
J.

We concur:


HOLLENHORST_____
Acting P. J.


MILLER_____
J.