[Crim. No. 11324.   Second Dist., Div. Two.   Aug. 23, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. MARVA ANN GLASS, Defendant and Appellant.

Gladys Towles Root for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Harold J. Smotkin, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.— Appellant has filed an appeal from an order reinstating her probation after a dismissal of her appeal

from the original judgment of conviction. We hold that the order is nonappealable and dismiss the appeal.

In July 1964 appellant was convicted of abortion (Pen. Code, § 274). Proceedings were suspended and an order granting probation was made August 12, 1964, upon conditions, two of which were incarceration the first six months in county jail and payment of a $500 fine plus penalty assessments.

Appellant appealed in pro. per. from said order.[1] Pending the appeal appellant was granted bail and obtained a stay of execution. The appeal was dismissed for failure to file an opening brief. On May 4, 1965, the remittitur was returned to the superior court.

On May 27, 1965, a supplementary probation report was ordered. On June 23, 1965, appellant was again arraigned for judgment. Appellant moved for a modification of the terms of her probation. The motion was denied. The judge stated: ". . . a probation officer makes a recommendation 10 months ago, and then nothing very momentous has happened. Since that time an appeal is taken, and then the probation officer says 'Well, now, to send her to jail as the Judge originally did and to impose sentence would be anticlimactic.' That's like saying, 'All you have to do is get convicted, take an appeal,' and the probation officer feels that 'Well, now the whole motive for punishment is behind us, so let's forget it.'

". . . . . . . . . . . . .

"That would do nothing but encourage Defendants who had been correctly convicted and properly sentenced to file pro. per. notices of appeal and let 10 months go by with no processing of the appeal at all. . . ."

Thereafter proceedings were again suspended and the judge made an order reiterating verbatim the prior order of probation. It is from this latter order that appellant attempts to appeal.

The issue presented is whether the order appealed from, which is "a sentence or order granting probation" within the meaning of section 1237, subdivision 1 of the Penal Code from which an appeal may be taken, is the same order in respect of which a previous appeal was taken and dismissed or is it a new order from which appellant may take a new appeal?

In the case at bench, the terms of probation were neither

[1]Although appellant's notice of appeal purported to be from "the Judgment and Order rendered on the 12th day of August, 1964," no "judgment" was rendered on that date. The proceedings were suspended, and no judgment has yet been entered in the case.

modified nor revoked. Ten months had elapsed due to appellant's in pro. per. appeal which she did not pursue. Nothing else had changed. Pending the appeal from the first order the execution then was stayed. Appellant was free on bail. When the remittitur was returned, the execution of the original order was reinstated.

To allow appellant to now appeal from an identical order on unchanged facts would be to grant her a double appeal. Permitting such a procedure would allow defendants to indefinitely delay the execution of their sentence by appealing from an original order and thereafter upon return of a remittitur, whether by way of affirmance or dismissal, by moving for a modification of sentence, appeal from the newly pronounced order and so on ad infinitum.

Our Supreme Court was held, *In re Bine,* 47 Cal.2d 814, 817 [306 P.2d 445], that when a motion to modify a probationary order is made, if the trial court arbitrarily modifies it ". . . without imposing judgment and sentence, an appeal would lie . . . under subdivision 3 of section 1237 as an appeal from an order made after judgment affecting the substantial rights of the probationer." In so ruling, the court pointed out that an order *granting* probation was deemed to be a final judgment for the purposes of section 1237 under subdivision 1 of that section.

For the reasons discussed above, therefore, it is obvious that the record before us does not support an appeal under subdivision 3 of section 1237.

The appeal is dismissed.

Herndon, J., and Fleming, J., concurred.