626 P.2d 1119

**STATE of Arizona, Appellee,**

v.

**Douglas Joe GESSNER, Appellant.**

**No. 1 CA–CR 4691.**

Court of Appeals of Arizona, Division 1.

March 26, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and Michael D. Jones, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Charles R. Krull, Deputy Public Defender, Phoenix, for appellant.

OPINION

O'CONNOR, Presiding Judge.

In 1976 Douglas Joe Gessner was charged by information with one count of first degree burglary in violation of A.R.S. §§ 13–301 and 13–302, and with one count of grand theft in violation of A.R.S. §§ 13–661, 13–662, 13–663 and 13–671.[1] Appellant, Gessner, pled guilty to the burglary charge pursuant to a written plea agreement, and the grand theft charge was dismissed. The State also dismissed another pending charge of unlawful flight.[2] Following entry of judgment of guilt, sentence was suspended and Gessner was placed on probation for a term of four years.

Approximately one-and-one-half years after the imposition of probation, Gessner was the operator of a motor vehicle which was involved in a collision with an automobile driven by one Richard Moorman and insured by Transamerica Insurance Company. Based on the circumstances surrounding the accident, a petition to revoke Gessner's probation was filed, alleging that he had consumed an excessive amount of intoxicating liquor and had committed the offense of driving while intoxicated. At the revocation hearing, Gessner admitted both probation violations. A trial court minute entry indicates that those admissions were made "knowingly, voluntarily, and intelligently." At the subsequent disposition hearing, the judge reinstated Gessner's probation for a term of six years and added one additional

1. These references are to statutory designations prior to the October 1, 1978, effective date of the revised Arizona Criminal Code.

2. Maricopa County Cause Number CR–94452.

condition. Noting that Transamerica Insurance Company had suffered a loss of $5,186.40 and that Richard Moorman had suffered a loss of $721.89 as a result of the vehicular collision, the judge ordered restitution to these two parties in the amount of $5,908.29, payable in monthly installments of $100.00. No appeal was taken from this October, 1978, trial court action.

In November, 1978, a second petition to revoke Gessner's probation was filed, alleging that he had committed third degree burglary under A.R.S. § 13–1506, and had possessed a dangerous drug. The matter was reassigned to another judge, and at the violation hearing Gessner's plea of guilty to the new third degree burglary charge in Maricopa County Cause No. CR–104512 was accepted, and also a determination was made that appellant had violated the terms of his probation. At the combined sentencing and disposition hearing, the court suspended imposition of sentence for the new burglary conviction and placed appellant on three years' probation. The court reinstated appellant on probation for the original burglary conviction on the same terms previously imposed, but extended the period to seven years beginning January 11, 1979. The order included the same special condition of restitution which had previously been imposed. No appeal was taken from this order.

In January, 1980, a third petition to revoke both of Gessner's probations was filed, alleging that he had been drinking intoxicating liquors to excess, that he had possessed a deadly weapon, and that he was guilty of the crime of endangerment. The revocation hearing was held on the basis of certain documents stipulated into evidence, and Gessner was found in violation of the terms and conditions of his probations. At the disposition hearing, the court reinstated Gessner on probation again for concurrent terms of three and seven years, again dating from January 11, 1979. The judge added a new special condition requiring appellant to participate in a drug and alcohol rehabilitation and treatment program, and he also reimposed the same special condition of restitution which had originally been imposed. A timely notice of appeal was filed from this trial court action, bringing the matter before this court.

Appellant's sole contention on appeal is that the trial court erred in ordering him to pay restitution arising from a matter "unrelated" to that for which he was convicted by his plea. The State argues that appellant has waived this alleged error by his failure to make a timely appeal. The State would characterize the trial court's last action, reinstating appellant on probation for a term of seven years, as a mere "reaffirmation" of its previous order reinstating appellant on probation and reimposing the special term of probation about which appellant now complains. We agree with the State's characterization of the trial court's last action insofar as it concerns the condition of restitution.

A.R.S. § 13–4033 provides as follows: An appeal may be taken by the defendant only from:

1. A final judgment of conviction.

2. An order denying a motion for a new trial or denying a motion for an arrest of judgment, or from an order made after judgment affecting the substantial rights of the party.

3. A sentence on the grounds that it is illegal or excessive.

The order here appealed from did affect appellant's substantial rights concerning the newly imposed condition that he attend the rehabilitation program; however, appellant has not raised any issue concerning the order for rehabilitation. The order now appealed did not affect the substantial rights of appellant by reimposing the condition that he make restitution, because the effect on appellant's rights occurred when the condition was first imposed, in October, 1978. *See People v. Glass*, 244 Cal.App.2d 451, 53 Cal.Rptr. 75 (1966) (refusing to let an appellant appeal from an order reiterating verbatim a prior order of probation because that would grant the appellant a double appeal); *see also People v. Howerton*, 40 Cal.2d 217, 253 P.2d 8 (1953). Appellant could have appealed from this condi-

tion when it was pronounced by the court, *Burton v. Superior Court in and for Maricopa County*, 27 Ariz.App. 797, 558 P.2d 992 (1977), or appellant could have requested modification or clarification of the condition by a request under rule 27.2, Arizona Rules of Criminal Procedure. *State v. Watkins*, 125 Ariz. 570, 611 P.2d 923 (1980). Appellant did neither. Failure to make a timely appeal under A.R.S. § 13–4033 and rule 31.3, Arizona Rules of Criminal Procedure, constitutes a waiver of the right to appeal on issues which could have been raised on appeal. *State v. Smith*, 99 Ariz. 106, 407 P.2d 74 (1965), *overruled on other grounds in Smith v. Eyman*, 104 Ariz. 296, 451 P.2d 877 (1969); *State v. Fuentes*, 26 Ariz.App. 444, 549 P.2d 224 (1976), *approved and adopted*, 113 Ariz. 285, 551 P.2d 554 (1976). Accordingly, we hold that appellant has waived his right to appeal from the condition of restitution and, therefore, dismiss the appeal as to that issue. *But see State v. Parra*, 27 Ariz.App. 756, 558 P.2d 951 (1976) (in which an untimely appeal from an order revoking probation was entertained because dismissal of the appeal would require the probationer to apply to the trial court for permission to file a delayed appeal and would only result in waste of time and judicial resources).

We have reviewed the record and find no other arguable issue or fundamental error. The judgment and suspended sentence are affirmed.

OGG and WREN, JJ., concur.