Filed 7/5/18 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E068225 |
| v. | (Super.Ct.No. RIF1506516) |
| REYNA KILLION, | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

The published opinion filed in this matter on June 11, 2018, is modified as follows:

1.  On page 3 in the second full paragraph, the word tentative in line six should be changed to tenet of.

1

Except for this modification, the opinion remains unchanged. This modification do not affect a change in the judgment.

CERTIFIED FOR PUBLICATION

McKINSTER _____
J.

We concur:

RAMIREZ _____
P. J.

SLOUGH _____
J.

Filed 6/27/18  (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E068225 |
| v. | (Super.Ct.No. RIF1506516) |
| REYNA KILLION, | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

The published opinion filed in this matter on June 11, 2018, is modified as follows:

1.  On page 3, the first full paragraph, the word legislator in lines four and five should be changed to [Legislature].

2.  On page 4, the first paragraph under the heading DISCUSSION, the word mandate should be changed to mandates.

Except for these modifications, the opinion remains unchanged.  These modifications do not affect a change in the judgment.

CERTIFIED FOR PUBLICATION


McKINSTER
J.


We concur:

RAMIREZ
P. J.

SLOUGH
J.

Filed 6/11/18 (unmodified version)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | | |
|---|---|---|
| THE PEOPLE, | | |
| Plaintiff and Respondent, | | E068225 |
| v. | | (Super.Ct.No. RIF1506516) |
| REYNA KILLION, | | O P I N I O N |
| Defendant and Appellant. | | |

APPEAL from the Superior Court of Riverside County.  L. Jackson Lucky IV, Judge.  Reversed with directions.

Steven L. Harmon, Public Defender, and Joshua A. Knight, Deputy Public Defender, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Barry Carlton and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant, Reyna Killion, filed a motion to reduce her conviction for felony assault with a deadly weapon to a misdemeanor and for termination of her

1

probation. The court granted defendant's request to reduce her offense to a misdemeanor, but denied her request to terminate her probation. On appeal, defendant contends the court erred in determining it did not have jurisdiction to terminate her probation. The order is reversed and remanded.

## I. PROCEDURAL HISTORY

On October 29, 2015, the People filed a felony complaint charging defendant with domestic violence (count 1; Pen. Code, § 273.5, subd. (a))[1] and assault with a deadly weapon other than a firearm, an automobile (count 2; § 245, subd. (a)(1)). On February 2, 2016, pursuant to a plea agreement, defendant pled guilty to assault with a deadly weapon other than a firearm. (§ 245, subd. (a)(1); count 2.)[2] In accord with the plea agreement, the court granted defendant three years of formal probation on domestic violence terms pursuant to section 1203.097.

On April 7, 2017, defendant filed a motion to reduce the offense to a misdemeanor and for termination of her probation. Defendant alleged she had completed a 52-week domestic violence program, had been on probation for approximately 15 months with no probation violations, and had no outstanding balance owed to the court. The People opposed the motion. At the hearing on the motion, the court indicated it would "give everybody my tentative. I think [defense counsel] knows what's coming. Based on the

---

[1] All further statutory references are to the Penal Code.

[2] The parties stipulated the factual basis for the plea would consist of the allegations in the complaint.

2

short length of probation, and because I believe [section] 1203.097 requires three years of probation, I don't believe the Court has jurisdiction to terminate probation early when the statute prescribes a minimum length of probation. [¶] I've invited anybody to brief me on this issue, but I don't think you are going to find cases because I could not find one stating one way or the other."

After argument, the court noted: "I don't think that I'm interpreting anything. I think I'm following the plain language of the statute. And again, reasonable minds may differ. As far as the timing of the . . . statutes, I would say, yes, we do presume that the legislator is aware of contrary legislation. And I would say, generally speaking, what the legislator seeks to do is to limit the Court's sentencing discretion as opposed to widening it. Every time they come up with a statute, it seems to be telling us judges, 'We don't like what you're doing. We want you to follow these rules instead.'"

The court further exposited: "I would think that with the policy behind [section] 1203.097, which was to create—to put it mildly—onerous terms of probation for domestic violence offenders, I think the legislative intent was to make sure we didn't give them less than 36 months. That's why they used the word 'minimum' of 36 months as opposed to a maximum or a term of 36 months. And then lastly, I think that a maxim of jurisprudence and tentative statutory construction is that if the Court has a specific statute and a general statute, then the specific should override the general." The court noted: "The general statute under [section] 1203.3 says the Court has discretion to modify probation. The specific statute under [section] 1203.097 says that the Court lacks

3

jurisdiction—or lacks discretion to impose terms other than what is minimally required by that section."

The court observed that "I would not take any offense if you choose to seek some review and get some guidance from the [Fourth District Court of Appeal] so that we can have a case that specifically states one way or the other."[3] The court ruled: "The minute order will show that the Court finds that it lacks jurisdiction to reduce the terms of probation under [section] 1203.097, subdivision (a), subsection (1)." The court granted defendant's request to reduce the offense to a misdemeanor, struck the formal probation terms, and modified probation to summary probation.

The court noted to defendant: "I want you to know . . . losing this motion has nothing to do with how I think you've done on probation. I think you have done an exemplary job on probation. You've done everything that you promised the Court that you would do. If I did have the discretion, this is something that I would strongly consider doing for you, but I don't believe that I have the legal ability to do it."

## II. DISCUSSION

Defendant contends the court erred in determining that the section 1203.097, subdivision (a)(1) mandate that probation imposed on a person for a domestic violence offense circumscribed the court's authority to terminate defendant's probation thereafter pursuant to section 1203.3. We agree.

---

[3] The court later noted additionally, "[i]f [defense counsel] proves to me that I'm doing it wrong by getting the judges down the street to tell me I'm wrong, again, I'll be happy to reconsider it."

Generally, a trial court has the authority and discretion to modify a probation term during the probationary period, including the power to terminate probation early. (§§ 1203.2, subd. (b)(1), (2), 1203.3, subds. (a), (b).)  Section 1203.3, subdivision (a) provides, in relevant part, "[t]he court may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation, and discharge the person so held."  (See *People v. Butler* (1980) 105 Cal.App.3d 585, 589.)  Section 1203.097, subdivision (a)(1) provides that imposition of probation for a person convicted of a domestic violence related offense must be for a minimum period of 36 months.  The issue of whether section 1203.097, subdivision (a)(1) circumscribes the court's authority under section 1203.3, subdivision (a) is an issue of statutory interpretation for which we apply the de novo standard of review.  (See *Phelps v. Stostad* (1997) 16 Cal.4th 23, 26-31; *In re T.W.* (2013) 214 Cal.App.4th 1154, 1164; *People v. Hill* (2004) 119 Cal.App.4th 85, 89.)

"[L]egislators presumably are aware of the laws they collectively enact . . . ." (*Warden v. State Bar* (1999) 21 Cal.4th 628, 658; *People v. Cruz* (1996) 13 Cal.4th 764, 774.)  "'[I]t is not to be presumed that the legislature in the enactment of statutes intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication.' [Citations.]" (*Big Creek Lumber Co. v. County of Santa Cruz* (2006) 38 Cal.4th 1139, 1149-1150.)

Here, section 1203.097 mandates imposition of a 36-month term of probation when a court imposes probation for a defendant convicted of a domestic violence

5

offense.[4] The sentencing court imposed a 36-month term of probation on defendant. However, the latter court, 14 months later, was not imposing sentence upon defendant, but was tasked with determining whether defendant came within the remedial provisions of section 1203.3, a matter which is distinct from the imposition of probation. (See *People v. Camp* (2015) 233 Cal.App.4th 461, 470-472 [statutes governing revocation and modification of mandatory sentences do not restrict court's power to terminate mandatory supervision].)

Indeed, section 1203.097, a rather lengthy statute, deals only with the initial imposition of probation at sentencing for domestic violence offenders. Nowhere does it address any subsequent remedial provisions of which a defendant might avail herself to reduce the terms and/or length of probation. That subject is dealt with exclusively in section 1203.3. This suggests that the legislature intended to require an initial imposition of a 36-month term of probation in domestic violence cases, but did not intend to circumscribe the court's discretion to later reduce that term pursuant to section 1203.3 upon a showing of good cause.

Moreover, both sections 1203.097 and 1203.3 reference each other with respect to the issuance of criminal protective orders. (§§ 1203.097, subd. (a)(2) [the terms of probation shall include a criminal court protective order], 1203.3, subd. (b)(1), (6) [court may terminate protective order which is a condition of probation upon good cause and proper notice].) Ergo, the authors of section 1203.097 which, in its original version, was

_____

[4] The parties agree defendant was convicted of a domestic violence offense.

6

added to the Penal Code in 1994, were necessarily aware of section 1203.3, which was originally added in 1935.  (Former § 1203.097, added by Stats. 1993-1994, 1st Ex. Sess., ch. 28, § 4; § 1203.2, added by Stats. 1935, ch. 604, § 4, p. 1709.)  Thus, the authors of section 1203.97 could have, and presumably would have, expressly removed domestic violence probationers from relief under section 1203.3 had that been their intention.  Therefore, the court had jurisdiction to terminate defendant's probation and the matter must be remanded for the court to exercise its discretion pursuant to section 1203.3.  We express no opinion on how the court should exercise that discretion on remand.

## III.  DISPOSITION

The order denying defendant's motion for termination of her probation is reversed.  The matter is remanded for consideration under the criteria enumerated in section 1203.3, subdivision (a), of whether the ends of justice warrant terminating defendant's probation.

CERTIFIED FOR PUBLICATION

McKINSTER
J.

We concur:

RAMIREZ
P. J.

SLOUGH
J.

7