Filed 11/10/20  P. v. Carranza CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD JAMES CARRANZA,<br><br>    Defendant and Appellant. | H048188<br>(Monterey County<br>Super. Ct. No. 18CR000350) |

## I.  INTRODUCTION

Defendant Edward James Carranza pleaded no contest to evading an officer with willful disregard for safety (Veh. Code, § 2800.2, subd. (a)) and was placed on probation for three years.  After approximately two years, defendant filed a petition seeking early termination of probation.  The court denied the petition, finding that "[t]he severity of the case warrants continued supervision on probation."

On appeal, defendant contends that the trial court erred by failing to obtain and consider a new probation report before ruling on his petition and otherwise abused its discretion in denying the petition.  For reasons that we will explain, we will affirm the order denying early termination of probation.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Offense*[1]

On the night of January 12, 2018, police officers were dispatched to a mall on a report of a man brandishing a firearm at an occupied car. The victim reported that he and a friend were in a car when an SUV pulled up behind them. The SUV driver, later identified as defendant, yelled, " 'Get the [f]uck out of the way!' " (Italics omitted.) The victim responded, " 'Go around!' " A passenger exited defendant's SUV and approached the victim. Defendant pulled up in his SUV and pointed a firearm with an attached laser at the victim.

When the police arrived, defendant sped away. During his getaway, defendant at times drove 80 miles per hour, went through stops signs and red traffic lights, and quickly switched lanes. He also drove in the center of the road. The officers eventually lost sight of defendant.

Police officers went to defendant's residence, where his wife indicated that he had left the house angry sometime earlier. The wife reported that defendant had stated he was going drinking with friends. The wife reported that they were separated, and that defendant lived at her house only three days per week.

Shortly thereafter, defendant's SUV was located unoccupied. On the rear driver's side floorboard was a loaded Glock handgun and a taser with two cartridges. Also in the SUV were two pistol cases, boxes of ammunition, and a metal safe. The following night, defendant was located and arrested.

### B. *The Charges, Plea, and Sentencing*

On January 25, 2018, defendant was charged by information with evading an officer with willful disregard for safety (Veh. Code, § 2800.2, subd. (a); count 1) and

---

[1] As defendant was convicted by plea, the facts underlying his offense are taken from the probation report, which was based on a police report.

two counts of misdemeanor exhibiting a concealable firearm in public (Pen. Code, § 417, subd. (a)(2)(A); counts 2 & 3).[2]

On March 7, 2018, defendant pleaded no contest to count 1, evading an officer with willful disregard for safety (Veh. Code, § 2800.2, subd. (a)), with the understanding that he would be placed on probation and that the remaining counts would be dismissed at the time of sentencing. Defendant's written waiver of rights and plea form also included a "Harvey Waiver,"[3] which allowed the sentencing judge to "consider the entire factual background of the case, including any unfiled, dismissed, or stricken charges or allegations or cases when granting probation, ordering restitution, or imposing sentence."

The probation report, dated March 28, 2018, indicated that, at the time of the offense, defendant was on probation for misdemeanor violation of Vehicle Code section 12500, subdivision (a) [driving without a license]. Defendant told the probation officer that he had been employed as a security guard for the past three years, and that he was working as an armed security guard when he was arrested for the instant offense. Defendant acknowledged that he had made a terrible mistake, and he hoped that the trial court would reduce his case to a misdemeanor so that he could continue working as an armed security guard.

On April 4, 2018, the trial court suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions, including that he serve 180 days in jail with 161 days of credit. Defendant was ordered to pay various fines and assessments, including a $300 restitution fine, a $40 court operations assessment, a $30 court facilities assessment, a $4 emergency medical air transportation fine, $864 for preparation of the probation report, and $81 per month for probation

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.
[3] *People v. Harvey* (1979) 25 Cal.3d 754.

3

supervision.  Defendant was ordered to not possess and to immediately surrender any firearm or ammunition.  (§ 29800.)  The remaining counts were dismissed.

### C. *Petition for Termination of Probation*

Nearly two years later, defendant submitted a petition to terminate his probation early.  The petition was on a preprinted form, which defendant signed under penalty of perjury on March 13, 2020.  In the petition, defendant stated that he had "met all probation requirements," had not violated probation, and had "paid all fines." (Capitalization omitted.)  He further stated that "this was [his] first offense," and that he had "learned from this mistake."  (Capitalization omitted.)  Defendant explained that he "would love to continue [his] career as security guard."  (Capitalization omitted.)

That same day, on March 13, 2020, a probation officer dated, signed, and marked a box on defendant's petition indicating that the probation department "[s]upport[ed]" defendant's petition to terminate his probation.

The trial court subsequently denied defendant's petition without a hearing.  The court's March 25, 2020 written order states, "The severity of the case warrants continued supervision on probation."  The order was signed by the same judge who accepted defendant's no contest plea and who sentenced him.  The record indicates that the order was mailed to defendant on May 5, 2020.

### III.  DISCUSSION

### A. *Defendant's Petition for Early Termination of Probation Was Governed by Penal Code Section 1203.3, Which Does Not Require a New Probation Report*

Defendant initially contended in his opening brief on appeal that, upon his filing of a petition for early termination of probation, section 1203.2, subdivision (b)(1) required the trial court to order and consider a new report from the probation department. According to defendant, because "the court failed to follow the procedures required by law, the denial of the petition, without consideration of the relevant factors, constituted an abuse of discretion."  Defendant requested that this court remand the matter with

4

instructions to the trial court to "order and consider the contents of an updated report before ruling on the petition."

The Attorney General contended in response that "the court's failure to send [defendant's] petition for early termination . . . to the probation officer for a written report . . . appears to be technically in error" under section 1203.2, but that the error "was clearly harmless." The Attorney General argued that, "[g]iven the evidence before the court, and the basis for its denial of the motion, there is no reasonable probability the court would have arrived at a more favorable outcome if it had obtained an updated probation report prior to ruling."

In response to our request for supplemental briefing, both parties now concede that section *1203.3*, not section 1203.2, applies to defendant's petition for early termination of probation. Both parties also concede that section 1203.3 does *not* require the trial court to order and consider a new probation report before ruling on defendant's petition for early termination of probation.

We find the parties' concessions appropriate.

Section 1203.2, subdivision (b)(1), upon which defendant initially relied in his opening brief on appeal, states that the trial court, on its own motion or on a petition by the defendant, the probation officer, or the district attorney, may modify, revoke, or terminate supervision of the defendant. Subdivision (b)(1) further states, "The court shall refer its motion or the petition to the probation . . . officer. After the receipt of a written report from the probation . . . officer, the court shall read and consider the report and either its motion or the petition and may modify, revoke, or terminate the supervision of the supervised person *upon the grounds set forth in subdivision (a)* if the interests of justice so require." (§ 1203.2, subd. (b)(1), italics added.) Subdivision (a) of section 1203.2, provides that "the court may revoke and terminate the supervision of the person if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation . . . officer or otherwise that the person has

5

violated any of the conditions of their supervision, has become abandoned to improper associates or a vicious life, or has subsequently committed other offenses, regardless of whether the person has been prosecuted for those offenses."  (§ 1203.2, subd. (a).) Defendant's petition seeking early termination of probation was not based on any of these grounds set forth in subdivision (a) of section 1203.2.

Another section – section 1203.3 – also provides the trial court with the authority to revoke or modify probation.  (§ 1203.3, subd. (a).)  Relevant here, section 1203.3, subdivision (a) expressly states that the trial court "may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation, and discharge the person held."  It has been stated that "[t]he authority for early termination of probation is found in section 1203.3."  (*People v. Butler* (1980) 105 Cal.App.3d 585, 589 (*Butler*); accord, *People v. Holman* (2013) 214 Cal.App.4th 1438, 1471 (*Holman*) [§ 1203.3, subd. (a) "is the source of the court's power to terminate probation early"]; see *People v. Killion* (2018) 24 Cal.App.5th 337, 341 (*Killion*) [referring to § 1203.3 as a "remedial provision[] of which a defendant might avail herself to reduce the terms and/or length of probation"]; *People v. Johnson* (2012) 211 Cal.App.4th 252, 262 (*Johnson*) [referring to § 1203.3, subd. (a) as "authorizing discretionary early termination of probation"].)

Section 1203.3 requires that the probation officer be given written notice of the trial court's intention to revoke, modify, or change its order of probation.  (*Id*., subd. (b)(2)(A).)  Section 1203.3 does not, however, expressly require the preparation of a new probation report before the court determines whether to terminate probation early.

In this case, section 1203.3 applies to defendant's petition seeking early termination of probation.  (*Butler*, *supra*, 105 Cal.App.3d at p. 589; *Holman*, *supra*, 214 Cal.App.4th at p. 1471; see *Killion*, *supra*, 24 Cal.App.5th at p. 341; *Johnson*, *supra*, 211 Cal.App.4th at p. 262.)  Section 1203.3 does not require the preparation and

consideration of a new probation report before the trial court decides whether probation should be terminated early. Defendant therefore fails to demonstrate error in this case by the trial court's failure to order or review a new probation report before denying his petition for early termination of probation.

**B.** *Defendant Fails to Establish an Abuse of Discretion by the Trial Court*

Defendant nevertheless continues to argue in supplemental briefing that the trial court abused its discretion in denying his petition for early termination of probation. According to defendant, the court considered "only [his] initial charge, without any further inquiry or evaluation of [his] circumstances or performance on probation, let alone his good conduct or reform." Defendant contends that the court was not aware of and failed to consider "the factors contemplated by the governing statute, . . . failed to operate within the range of its discretion granted by law," and "thus, abused its discretion."

A trial court has discretion under section 1203.3 to terminate probation early. (*Killion*, *supra*, 24 Cal.App.5th at p. 340.) As we recited above, section 1203.3, subdivision (a) states that the trial court "may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation, and discharge the person held."

"In reviewing a trial court's order for an abuse of discretion, we presume the order is correct, indulge all intendments and presumptions to support it on matters as to which the record is silent, and the appellant bears the burden to affirmatively show error. [Citation.] 'The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary.' [Citation.] 'Thus, the fact that the court focused its explanatory comments on [one factor] does not mean that it considered only that factor.' [Citation.]" (*People v. Allen* (2019) 41 Cal.App.5th 312, 330.)

7

In this case, the trial court's ruling that "[t]he severity of the case warrants continued supervision on probation," does not establish that the court considered only the severity of the case, or that the court otherwise failed to exercise informed discretion. Rather, the court's ruling may well have reflected a reasoned conclusion, based on defendant's petition and the record in this case that the court was already familiar with – having both accepted defendant's no contest plea and sentenced him – that it would not be a sound exercise of discretion to terminate probation early.

In particular, the original probation report included defendant's background and other relevant information. Based on the original probation report, the trial court was aware of the facts that defendant now contends were important to consider, such as the fact that he had no prior felony conviction, was employed, had a GED, and had entered into a plea agreement within two months of his arrest. Further, the judge who denied defendant's petition for early termination of probation was the same judge who accepted his no contest plea and who placed him on probation. The court was thus well acquainted with the facts underlying defendant's offense, which included driving 80 miles per hour and running stops signs and red lights while trying to evade the police. The court was also informed, based on defendant's uncontested petition and the probation officer's recommendation in support of the petition, that since the date of the preparation of the original probation report, defendant had not violated his probation, had "met all probation requirements," and had paid all fines. (Capitalization omitted.)

Likewise, contrary to defendant's contention that the trial court was unaware that he was no longer a licensed security guard because of his conviction and supervision, the original probation report and defendant's petition already contained that information. The original probation report recited that defendant had been employed as a security guard for the three years prior to the instant offense, and that he was working as an armed security guard when he was arrested for the instant offense. The original probation report further indicated that defendant hoped the trial court would reduce his case to a

8

misdemeanor so that he could continue working as an armed security guard. Because the judge who denied defendant's petition for early termination of probation was the same judge who presided over defendant's sentencing, the judge would have been well aware that, as a convicted felon, defendant could not, and indeed was ordered not to, possess any firearm or ammunition. (§ 29800.) Moreover, in defendant's petition to terminate probation early, defendant stated that he "would love to continue [his] career as [a] security guard." (Capitalization omitted.)

Thus, contrary to defendant's arguments, the record indicates that the trial court properly exercised informed discretion when it denied defendant's petition for early termination of probation due to the "severity of the case," in view of the content of defendant's petition and the information that the trial court was already well acquainted with in the case.

We are also not persuaded by defendant's contention that the trial court "failed to consider conduct subsequent to the offense" or defendant's reliance on the purportedly "analogous" case of *People v. McLernon* (2009) 174 Cal.App.4th 569 (*McLernon*). In *McLernon*, "the trial court did not consider the merits of [the defendant's] motion" to have his record expunged under section 1203.4. (*McLernon*, *supra*, at p. 575.) Rather, the trial court rejected the motion based solely on the fact that the motion had been submitted and denied twice before, with the first denial being based on the defendant's unsatisfactory performance on probation. (*Ibid.*) The appellate court concluded "that the trial court improperly failed to consider the merits of [the defendant's] motion for relief," and that "the trial court may consider . . . the defendant's postprobation conduct." (*Id.* at p. 577.)

In contrast to *McLernon*, nothing in the record in this case indicates that the trial court failed to consider the merits of defendant's petition to terminate probation early. To the contrary, the trial court's order in this case addressed the substance of defendant's petition, rather than denying the petition on purely procedural grounds as in *McLernon*.

9

Defendant's petition contained information regarding his conduct subsequent to the offense and, in particular, his good performance on probation. The court necessarily considered this information in ruling on defendant's petition as its ruling addressed the merits of the motion and determined that the "severity of the case warrant[ed]" defendant's "continued supervision on probation." In this regard, defendant fails to cite any authority for the proposition that it was improper for the trial court to consider and determine that the severity of his case warranted his continuation on probation despite his apparently good performance on probation.

Accordingly, we conclude that defendant fails to demonstrate an abuse of discretion by the trial court in denying his petition for early termination of probation.

## IV. DISPOSITION

The order denying early termination of probation is affirmed.

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

ELIA, ACTING P.J.

DANNER, J.

*People v. Carranza*
**H048188**