Filed 4/15/22  P. v. Knight CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CATELYN ELIZABETH KNIGHT,<br><br>        Defendant and Appellant. | C094453<br><br>(Super. Ct. No. 19FE006532) |

After pleading guilty to assault likely to produce great bodily injury in 2019, the trial court placed defendant Catelyn Elizabeth Knight on a term of probation.  Defendant now appeals, purportedly from orders made at a hearing on a probation violation, and asserts her term of probation must be reduced based on legislative changes in Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 328).  We conclude the trial court's orders at the hearing are not appealable orders and the trial court's reference to Assembly Bill No. 1950 was not a judgment, and we will dismiss defendant's appeal accordingly.

1

FACTUAL AND PROCEDURAL BACKGROUND

On May 6, 2019, defendant pleaded guilty to one count of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] and one count of misdemeanor petty theft (§ 484).  In sentencing defendant, the trial court placed defendant on a five-year term of probation, ordered her to serve 120 days in county jail, and released defendant from custody to allow her to sign up for the balance of the time she owed, on the sheriff's work project.

On March 23, 2021, defendant appeared in court on a petition for violation of probation.  Defendant admitted a violation based on weapons possession.  The court imposed an additional 90-day sentence in county jail, and again released defendant from custody to allow her to sign up for the sheriff's work project.

On May 18, 2021, defendant appeared in court on a petition for violation of probation for failing to check in and keep in contact with her probation officer.  At the hearing, the court noted that defendant had not yet served the previously ordered 120-day and 90-day sentences that had been imposed on May 6, 2019, and March 23, 2021.  Defendant explained she had not yet been able to sign up for work project.  Defendant offered to extend her probation term, and the court responded that, "it's not a matter of extending her probation, because her probation is currently set to expire in 2024, notwithstanding [Assembly Bill No.] 1950.  It's not something that -- it's not automatic."

After a discussion off the record, defendant requested to serve the time she owed in custody, provided she was first released to handle some personal matters.  The court agreed with defendant's request, released her on her own recognizance, and ordered her to report to county jail by July 30, 2021.  The court then dismissed the petition for violation of probation.

_____

[1]  Undesignated statutory references are to the Penal Code.

On July 16, 2021, Defendant filed a notice of appeal indicating that she was appealing an order or judgment made on May 18, 2021.

## DISCUSSION

Defendant asserts her appeal arises out of the orders issued at the May 18, 2021 hearing, and contends she is entitled to a reduction of her probation term to two years, consistent with the limitation imposed by Assembly Bill No. 1950 . Assembly Bill No. 1950, as enacted, amended section 1203.1, subdivision (a) to limit felony probation to a maximum term of two years, absent circumstances not applicable here. (Stats. 2020, ch. 328, § 2, eff. Jan. 1, 2021.)

Defendant claims her appeal arises "from a judgment that finally disposes of all issues between the parties." "The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Section 1237, subdivision (b) permits a party to appeal any order after judgment "if it affects that party's 'substantial rights.' " (*Loper*, at p. 1162.) The problem here is that the only orders the trial court made at the May 18, 2021 hearing, were orders made pursuant to defendant's request; that is an order releasing her from custody and an order that she surrender herself at a later date to serve the jail time that had been previously imposed. The petition for violation of probation was then dismissed in the interest of justice. The trial court did not impose any new (additional) time at the May 18, 2021 hearing, nor did the court revoke or adversely modify the terms of defendant's probation. On these facts we conclude that defendant has failed to demonstrate that the trial court's orders of May 18, 2021, affected her substantial rights and are appealable orders. (See *People v. Glass* (1966) 244 Cal.App.2d 451, 452-453 [order reinstating prior probation order not appealable].)

Furthermore, we do not interpret the trial court's offhand reference to Assembly Bill No. 1950 as an indication that the issue of the length of defendant's probation was

3

one that was decided at the May 18, 2021 hearing. The record does not reflect that the court modified, or considered modifying, the terms of defendant's probation or rejected an attempt to terminate probation. (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421 [order modifying terms of probation appealable]; *People v. Romero* (1991) 235 Cal.App.3d 1423, 1425-1426 [denial of motion for early termination of probation appealable].) Nor did the court's orders constitute, as defendant asserts in her statement of appealability, a final judgment for the purposes of appeal. (§ 1237, subd. (a); *People v. Superior Court* (*Giron*) (1974) 11 Cal.3d 793, 796 [initial order suspending imposition of sentence and granting probation is " 'deemed to be a final judgment' " for purposes of appeal under § 1237].) Defendant did not seek relief in the trial court in the first instance, despite the fact that the provisions of Assembly Bill No. 1950, which took effect January 1, 2021, were available to her. (See *People v. Killion* (2018) 24 Cal.App.5th 337, 340 [trial courts have "the authority and discretion to modify a probation term during the probationary period, including the power to terminate probation early"].) Under these circumstances, defendant has not appealed from an appealable order. The appeal must therefore be dismissed. (*People v. Alexander* (2020) 45 Cal.App.5th 341, 345 [dismissing appeal from nonappealable order]; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 [same].)

## DISPOSITION

The appeal is dismissed.

$\underline{\quad\quad\quad /s/ \quad\quad\quad\quad\quad}$
EARL, J.

We concur:

$\underline{\quad\quad /s/ \quad\quad\quad\quad\quad}$
HOCH, Acting P. J.

$\underline{\quad\quad /s/ \quad\quad\quad\quad\quad}$
KRAUSE, J.