Filed 2/2/26  P. v. Rivera-Torres CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JOSE CARLOS RIVERA-TORRES,<br><br>  Defendant and Appellant. | A169827<br><br>(Contra Costa County<br>Super. Ct. No. 02-23-01543) |

A jury convicted Jose Carlos Rivera-Torres of three misdemeanor counts of contempt of court for violating a protective order issued as to Jane Doe (Pen. Code,[1] § 166, subd. (c)(1)).  The trial court then imposed a three-year term of probation pursuant to section 1203.097 as Doe was a person defined in Family Code section 6211 (defining victims of domestic violence).  On appeal, Rivera-Torres argues the court erred by finding section 1203.097 applicable and asserts trial counsel provided ineffective assistance by asking the court to impose the three-year minimum probation term required by that statute.  We affirm.

---

[1] All further undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Rivera-Torres and Doe began dating in 2022 and subsequently moved in together to a home in Hercules. Unless otherwise indicated, all further dates refer to 2023.

On June 16, Rivera-Torres and Doe had a physical altercation at their home during which Rivera-Torres hit Doe in the head (the June 16 incident). Doe called the police and a responding officer found her in the garage hiding under a trailer. Doe was frightened, shaking, and crying. She had multiple injuries, including a bruised eye that was swollen shut and abrasions on her collarbone. Rivera-Torres had bruising on his right hand, a cut on the back of his head, and a red mark on his chin.

Doe was taken by ambulance to the hospital. While on the way, a judge granted an emergency protective order (EPO) for Doe. The EPO was effective immediately and expired on June 23. It prohibited Rivera-Torres from going near Doe or their shared home and from contacting her, including by telephone.

An officer provided a copy of the EPO to Rivera-Torres and explained its terms. Rivera-Torres was arrested. Later that same day, Rivera-Torres called Doe from jail while she was still in the hospital. He acknowledged the EPO and asked Doe if she was going to " 'help' " him or " 'sink' " him in his case.

On June 20, Doe went with a police escort to the home she had shared with Rivera-Torres to pick up some of her belongings. Once inside the home, Doe found Rivera-Torres hiding under a couch. Rivera-Torres was taken back into custody. On June 21, Rivera-Torres again called Doe from jail and asked for her help.

*Charges and Jury Trial*

In October, Rivera-Torres was charged by information with one count of injuring a cohabitant or person with a past or present dating relationship following a previous conviction for the same offense (§ 273.5, subd. (f)(1); count 1), three counts of contempt of court for violation of a protective order issued pursuant to section 136.2 (§ 166, subd. (c)(1); counts 2, 5, & 6), and two counts of dissuading a witness (§ 136.1, subd. (b)(1) & (2); counts 3 & 4). Count 1 concerned the June 16 incident. The three contempt counts concerned Rivera-Torres's calling Doe while she was in the hospital on June 16 (count 2), entering the home on June 20 (count 5), and calling Doe from jail on June 21 (count 6).

A jury trial took place in January 2024. The prosecution presented testimony by Doe and the police officers consistent with the factual summary provided above. Rivera-Torres admitted he hit Doe in the head during the June 16 incident but asserted he was acting in self-defense because Doe had lunged at him and bit him on the chin. He also testified that, after he hit her in the head, Doe punched him in the back of the head and he flung his arm back with his hand in a fist, which made contact with Doe's face.

Rivera-Torres further admitted that he knowingly violated the EPO as alleged in the three contempt of court charges (counts 2, 5, & 6). He denied attempting to get Doe to lie on his behalf during the phone calls.

*Verdict and Sentencing*

The jury found Rivera-Torres guilty of all three counts of contempt of court. The jury acquitted Rivera-Torres on all the other counts. Prior to sentencing, defense counsel requested the court impose a three-year term of probation and a sentence of time served in county jail (230 days). The

3

prosecution requested Rivera-Torres be sentenced to three years of probation but sought a two-year jail sentence.

At the January 31, 2024 sentencing hearing, the court concluded Doe was a victim of domestic violence within the meaning of Family Code section 6211 and, as a result, the minimum three-year term of probation required by section 1203.097 applied. Accordingly, it imposed a three-year term of probation subject to various terms and conditions mandated by section 1203.097, such as paying a domestic violence fine and attending a domestic violence program. The court also ordered Rivera-Torres to serve 300 days in county jail (with 232 days of custody credits) and issued a 10-year criminal protective order as to Doe.

## DISCUSSION

Rivera-Torres avers the trial court erred by imposing a three-year term of probation under section 1203.097, asserting the court incorrectly found Doe was a victim of domestic violence under Family Code section 6211. He also seeks to raise a related claim of ineffective assistance of counsel. Unpersuaded, we shall affirm.

## I. Section 1203.097 Applies to Rivera-Torres's Probation Term

Section 1203.097 provides that, when a trial court grants probation for a crime "in which the victim is a person defined in Section 6211 of the Family Code," various requirements apply, including a minimum three-year term of probation. (§ 1203.097, subd. (a)(1).)

Section 1203.097 "does not apply only to defendants charged with specified offenses; it encompasses defendants convicted of any crime of 'abuse' so long as the victim is a person identified in Family Code section 6211." (*People v. Cates* (2009) 170 Cal.App.4th 545, 550 (*Cates*).) Thus, even if the statute of conviction does not specifically refer to domestic violence, section

4

1203.097 "applies to any person placed on probation for a crime if the underlying facts of the case involve domestic violence." (*Cates*, at p. 548.) Family Code section 6211 defines " 'Domestic violence' " as "abuse perpetrated against" various categories of persons, including a cohabitant or former cohabitant and a past or present dating partner. (Fam. Code, § 6211, subds. (b) & (c).)

The definition of "abuse" for purposes of Family Code section 6211 is found in Family Code section 6203. (*Cates*, *supra*, 170 Cal.App.4th at p. 550.) It is not limited to actual infliction of injury or assault; instead, it includes various actions, including "engag[ing] in any behavior that has been or could be enjoined [by a protective order] pursuant to [Family Code] Section 6320," which behavior includes telephoning, contacting, or coming within a specified distance of a person. (Fam. Code, §§ 6203, subds. (a)(4) & (b), 6320, subd. (a).)

Domestic violence offenses under section 1203.097 constitute an exception to the otherwise applicable one-year limit on misdemeanor probation terms. (See § 1203a, subds. (a) & (b) [one-year maximum term of probation for misdemeanor offenses does not apply to an "offense that includes specific probation lengths within its provisions"]; *People v. Rodriguez* (2022) 79 Cal.App.5th 637, 644, 641 [holding "[a] domestic violence offense under section 1203.097 . . . is 'an offense that includes specific probation lengths within its provisions' " for purposes of identically worded exception applicable to felony probation].)

Rivera-Torres contends the trial court erred by concluding Doe was a victim of abuse within the meaning of Family Code section 6211 and, as a result, the court could only impose a maximum one-year term of probation rather than the three-year term required by section 1203.097. Reviewing de

novo whether section 1203.097 applies (see *People v. Killion* (2018) 24 Cal.App.5th 337, 341), we disagree.

We begin by addressing the Attorney General's assertion that Rivera-Torres forfeited his challenge to the trial court's application of section 1203.097 by failing to raise an objection in the trial court. As Rivera-Torres's argument falls within an exception to forfeiture for claims that a sentence is unauthorized, we turn to the merits. (See *People v. Anderson* (2020) 9 Cal.5th 946, 961–962.)

Rivera-Torres's claim is premised on his assertion that the jury's acquittal of the remaining counts at trial (one count of injury to a cohabitant or person with a past or present dating relationship and two counts of dissuading a witness) amounted to a finding of fact that Doe was not a victim of domestic violence, and he was therefore not convicted of any crime with a nexus to domestic violence. He asserts the trial court was not permitted to disregard that purported finding of fact and conclude, to the contrary, that Doe was a victim of domestic violence under Family Code section 6211.

The premise of Rivera-Torres's claim is misplaced as the issue of whether section 1203.097 applies to a given offense is a question for the trial court, not the jury. (See, e.g., *Cates*, *supra*, 170 Cal.App.4th at p. 550 [affirming *trial court*'s determination that section 1203.097 applied to defendant's conviction].) Rivera-Torres does not cite any caselaw for the proposition that application of section 1203.097 is a factual finding for the jury, and we find his reliance on the law governing collateral estoppel in the context of double jeopardy inapposite. This case does not implicate double jeopardy regarding the counts on which he was acquitted. Rather, we are squarely presented with the issue of whether any of the contempt counts on

6

which he *was* convicted was a "crime of 'abuse' " on the basis that "the victim is a person identified in Family Code section 6211." (See *Cates*, at p. 550.)

We answer that question in the affirmative. Rivera-Torres's contempt of court convictions were based on his violations of the EPO—which prohibited him from contacting Doe, going near her, or going to their home— by calling Doe twice from jail and being at home when she went to pick up her belongings. Based solely on these facts, the contempt convictions qualify as "crime[s] of 'abuse' " because Doe was a person identified in Family Code section 6211. (See *Cates*, *supra*, 170 Cal.App.4th at p. 550.)

Specifically, Rivera-Torres telephoned, contacted, and went near Doe, all of which was conduct expressly subject to being enjoined under Family Code section 6320 (and was in fact enjoined by the EPO). (Fam. Code, § 6320, subd. (a).) As he "engage[d] in any behavior that . . . could be enjoined" under that statute, his conduct plainly meets the definition of " 'abuse' " for purposes of Family Code section 6211. (Fam. Code, § 6203, subd. (a)(4).) Hence, the conduct underlying the contempt convictions involved "abuse perpetrated against" a person within the meaning of Family Code section 6211, as Doe is undisputedly a former cohabitant and past dating partner. (Fam. Code, § 6211, subds. (b) & (c).) Therefore, the trial court properly concluded section 1203.097 applies to Rivera-Torres. (See *Cates*, *supra*, 170 Cal.App.4th at pp. 548, 550.)

Finally, we readily dispose of Rivera-Torres's cursory assertion that the court's imposition of the three-year probation term deprived him of due process under *Hicks v. Oklahoma* (1980) 447 U.S. 343. The due process concerns in that case stemmed from a specific Oklahoma state statute that entitled a defendant to have his punishment fixed by a jury (*id.* at pp. 345– 346), which does not apply here. In any event, for the reasons already

7

discussed, the trial court's determination that Rivera-Torres is subject to a three-year probation term under section 1203.097 was consistent with the jury's finding of guilt on the contempt of court convictions based on his violations of the EPO.

In sum, the trial court correctly concluded section 1203.097 applies to Rivera-Torres and, as a result, properly imposed the three-year term of probation mandated by that statute. (§ 1203.097, subd. (a)(1).)

## II. Rivera-Torres Fails To Show Ineffective Assistance of Counsel

Rivera-Torres also seeks to raise a claim that his trial counsel was ineffective for failing to argue for a one-year term of probation and instead requesting a three-year term. This claim is without merit.

To succeed on a claim of ineffective assistance of counsel, a defendant must show both that "counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms," as well as resulting prejudice. (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) "[A] defense attorney who fails to adequately understand the available sentencing alternatives, promote their proper application, or pursue the most advantageous disposition for his client may be found incompetent." (*People v. Scott* (1994) 9 Cal.4th 331, 351.)

Rivera-Torres's assertion that counsel provided deficient performance is based on the same argument we have already rejected, i.e., that section 1203.097 does not apply to his case. However, as explained in section I, *ante*, the trial court was required to impose a minimum three-year term of probation under that statute. (§ 1203.097, subd. (a)(1).) Accordingly, defense counsel's request for the minimum term of probation was not objectively unreasonable. (Cf. *People v. Scott*, *supra*, 9 Cal.4th at p. 351.)

8

**DISPOSITION**

The judgment is affirmed.

PETROU, J.

WE CONCUR:

TUCHER, P. J.

RODRÍGUEZ, J.

A169827 / *People v. Rivera-Torres*